**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Case No. 26-01207-5-JNC** |
| **THREE OAKS BEHAVIORAL** | ) | |
| **HEALTH & WELLNESS, PLLC** | ) | |
| | ) | **Chapter 11** |
| Debtor. | ) | |

**EMERGENCY MOTION FOR AUTHORIZATION TO**
**USE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND § 506(c)**

NOW COMES Three Oaks Behavioral Health & Wellness, PLLC (the "Debtor"), by and through its undersigned counsel, and respectfully moves this Court for an Order authorizing the Debtor to use cash collateral pursuant to 11 U.S.C. § 363 and § 506(c).

Pursuant to Bankruptcy Rule 4001(b)(1)(B), the Debtor sets forth the following introductory statement:

1.     Three Oaks Behavioral Health & Wellness, PLLC is a North Carolina corporation which owns and operates an outpatient psychotherapy practice with locations in Wake, Durham and Chatham counties. It has been in business since 2017 and currently has 98 employees.

2.     The Debtor is currently anticipating a continuation of operations by way of this proposed reorganization.

3.     The Debtor believes and represents that in order to maximize the value of its assets, the Debtor will be required to incur certain operating expenses.

4.     The Debtor's only significant source of income is through continued operations and the cash proceeds generated thereby.  It appears that certain proceeds generated from the Debtor's continuing operations may constitute cash collateral of Truist Bank ( "Truist"), CT Corporation System, as representative of an unidentified secured party ("CT Corp"), Parkview Advance, LLC

1

("Parkview") and Corporation Service Company, as representative of an unidentified secured party ("CSC") (collectively, the "Secured Parties") within the meaning of § 363 of the Bankruptcy Code. Both Truist and CT Corp appear to assert a security interest in all of the Debtor's assets. CSC asserts a security interest in the Debtor's future receivables.

5.      The Debtor proposes that the Secured Parties should be allowed, as adequate protection for the Debtor's use of cash collateral, a post-petition replacement lien and security interest on the same assets to which their liens attached pre-petition, to the same extent and amounts and with the same validity and priority as existed on the petition date.

In support of this Motion, the Debtor shows unto this Court the following:

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and has statutory and constitutional authority to hear and determine and to issue final rulings in this constitutionally core proceeding under 28 U.S.C. § 157(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The Debtor filed a voluntary petition for relief pursuant to Chapter 11 of the United States Bankruptcy Code on March 16, 2026 ("Petition Date") and currently operates as a debtor-in-possession.

3.      The Debtor is a clinical practice providing behavioral health and wellness services to individuals in communities throughout the Triangle.

4.      The Debtor and Truist are parties to a promissory note dated November 18, 2024 in the original principal amount of $500,000.00 (the "Truist LOC").   On November 18, 2024, Truist filed a UCC-1 against the Debtor in North Carolina relating to the Truist LOC, bearing file number 20240138049E.  As of the Petition Date, the outstanding balance owing to Truist on the Truist LOC is believed to be approximately $499,999.00.

2

5.     On March 27, 2025, CT Corporation System, as representative filed a UCC-1 against the Debtor in North Carolina, bearing file number 20250036886A.  The Debtor is unable to identify the secured party for whom CT Corp is representative.

6.     On November 14, 2025, CSC filed a UCC-1 against the Debtor in North Carolina, bearing file number 20250167110G.  The Debtor is unable to identify the secured party for whom CT Corp is representative.

7.     On February 2, 2026, Parkview Advance LLC filed a UCC-1 against the Debtor in North Carolina, bearing file number 20260013563K to secure its Merchant Cash Advance loan. As of the Petition Date, the outstanding balance owing to Parkview Advance LLC is believed to be approximately $320,000.00.

8.     On February 17, 2026, CT Corporation System filed a UCC-1 against the Debtor in North Carolina, bearing file number 20260020156F.  The Debtor is unable to identify the secured party for whom CT Corp is representative.

9.     The Debtor is currently anticipating a continuation of operations by way of this proposed reorganization.  The Debtor believes that in order to maintain existing operations, and retain maximum value of its business, the Debtor will be required to incur certain operating expenses.  The Debtor's only significant source of income is through continued operations and the cash proceeds generated thereby. As a result, the Debtor respectfully requests a preliminary hearing on this Motion in order to avoid a closing down of operations and irreparable harm to the Estate.

10.     The Debtor will require necessary funds for operating its business; the proposed use of cash collateral is critical to the Debtor's ability to continue providing goods and services during the pendency of the Chapter 11 Case. The Debtor will provide a budget specifying these

3

expenses after discussing the budget with the Secured Parties.  Further, the Debtor requests that any Interim Order approved by the Court include a ten percent (10%) line-item expense variance with respect to the monthly operating budget proposed by the Debtor.

11.     The Debtor will maintain one or more Debtor-in-Possession ("DIP") bank accounts, into which it will deposit all cash, checks and other cash items related to the collateral of the Secured Parties.

12.     The Debtor represents that a reorganization and continuation of its operations will generate the greatest source of funds for creditors, including the Secured Parties.  The Debtor will require access to the cash collateral generated by its operations in order to allow it to remain in business.

13.     Furthermore, if the use of cash collateral is not immediately approved, the Estate may suffer immediate and irreparable harm, in that it will not be able to pay its expenses from funds generated by operations.  If the Debtor is unable to maintain constant cash flow, it cannot possibly succeed in bankruptcy.  Rule 4001(b)(2) of the Bankruptcy Rules reads as follows:

> (2) Hearing. The court may commence a final hearing on a motion for authorization to use cash collateral no earlier than 14 days after service of the motion. If the motion so requests, the court may conduct a preliminary hearing before such fourteen (14) day period expires, but the court may authorize the use of only that amount of cash collateral as is necessary to avoid immediate and irreparable harm to the estate pending a final hearing.

Pursuant to Rule 4001, the Debtor respectfully requests a preliminary hearing authorizing it to use cash collateral as specified in this Motion.

14.     The Debtor proposes that the Secured Parties should be allowed, as adequate protection for the Debtor's use of the cash collateral, post-petition replacement liens on the Collateral securing their respective indebtedness with the same validity, priority, and enforceability as the Secured Parties had against the Collateral as of the petition date.

4

15. The Debtor asserts that the requirements of the Bankruptcy Rules and the Bankruptcy Code, including without limitation Bankruptcy Rule 4001(d), have been satisfied for the Debtor's use of cash collateral and for the grant of adequate protection to the Secured Parties upon the terms set forth herein.

16. An order (the "Interim Order") granting interim relief, followed by a final hearing at some future date selected by the Court, would not prejudice the rights of the Secured Parties as (i) the Secured Parties would continue to maintain their existing liens on all their existing and on replacement collateral as set forth herein, and (ii) the use of cash collateral would preserve the value of the estate for the benefit of the Secured Creditors and all other creditors.

17. The Debtor seeks authority to use cash collateral through and including (i) the effective date of a confirmed plan of reorganization, (ii) a sale of substantially all assets of the estate, or (iii) conversion of the case to Chapter 7, whichever may first occur.

18. The Debtor proposes that in the event the Secured Parties, or any of them, has any objection to any of the items paid or provided for as set forth in the monthly reports or other reports of operations filed or furnished to said creditor, or seeks adequate protection in the future in addition to that provide herein, then said creditor may, upon no less than three (3) business days' notice to (i) the Debtor, (ii) Debtor's counsel, (iii) the 20 largest unsecured creditors of the Debtor as reflected in the Debtor's Schedules, and (iv) the Bankruptcy Administrator and Subchapter V Trustee, and opportunity to cure, on an expedited basis:

    A. Seek an order from this Court restraining such payments or usage as not being in conformity with this Motion; or

    B. Seek an order terminating further authority to use cash collateral altogether.

17. While the Debtor seeks the consent of the Secured Parties to the use of cash collateral on an interim basis and for the purposes set forth in this Motion, in the absence of such

5

consent the Debtor asks the Court to authorize such use and to provide adequate protection to the Secured Creditors to the extent the use of cash collateral impairs such creditors' interests, in a manner and to the extent to be determined by the Court at the hearing on this Motion.

WHEREFORE, the Debtor respectfully prays for the following relief:

1.      For a preliminary hearing on this Motion in order that immediate harm to the Estate can be avoided on March 19, 2026, at 10:00 a.m. at the United States Bankruptcy Court in Greenville, North Carolina;

2.      For leave of the Court to pay necessary expenses utilizing current cash collateral generated by the above-described operations;

3.      For an Interim Order authorizing the Debtor's use of cash collateral in accordance with 11 U.S.C. §§ 363 and 506(c);

4.      For the Court to schedule a further hearing to be held regarding this Motion, the Interim Order, and the Debtor's request for a final order, after providing such notice as is required by Rule 4001 of the Federal Rules of Bankruptcy Procedure; and

5.      For such other and further relief that the Court deems just and appropriate.

DATED: March 16, 2026                    **HENDREN, REDWINE & MALONE, PLLC**

s/*Rebecca Redwine Grow*
Jason L. Hendren (NC State Bar No. 26869)
Rebecca Redwine Grow (NC State Bar No. 37012)
Benjamin E.F.B. Waller (NC State Bar No. 27680)
Lydia C. Carpenter (NC State Bar No. 56697
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
Telephone:  (919) 573-1422
Facsimile:   (919) 420-0475
Email: jhendren@hendrenmalone.com
        rredwine@hendrenmalone.com
        bwaller@hendrenmalone.com
        lcarpenter@hendrenmalone.com
*Counsel for the Debtor*

6

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Case No. 26-01207-5-JNC** |
| **THREE OAKS BEHAVIORAL** | ) | |
| **HEALTH & WELLNESS, PLLC** | ) | |
| | ) | **Chapter 11** |
| Debtor. | ) | |

**NOTICE OF MOTION**

NOTICE IS HEREBY GIVEN of the **DEBTOR'S EMERGENCY MOTION FOR AUTHORIZATION TO USE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 and § 506(c)** (the "Motion") filed simultaneously herewith in the above captioned case; and,

FURTHER NOTICE IS HEREBY GIVEN that the Motion may be allowed provided no responses and request for a hearing is made by a party in interest in writing to the Clerk of this Court by **March 18, 2026 by 5:00 p.m.**; and,

FURTHER NOTICE IS HEREBY GIVEN, that if a response and a request for a hearing is filed by a party in interest in writing within the time indicated, a hearing will be conducted on the Motion and response thereto on **March 19, 2026, at 10:00a.m. at the United States Bankruptcy Court, 150 Reade Circle, Greenville, North Carolina**.  Any party requesting a hearing shall appear at said hearing in support of such request or he may be assessed Court costs. If no request for a hearing is timely filed, the Court may rule on the Motion and response thereto *ex parte* without further notice.

DATE: March 16, 2026                    **HENDREN, REDWINE & MALONE, PLLC**

s/*Rebecca Redwine Grow*
Jason L. Hendren (NC State Bar No. 26869)
Rebecca Redwine Grow (NC State Bar No. 37012)
Benjamin E.F.B. Waller (NC State Bar No. 27680)
Lydia C. Carpenter (NC State Bar No. 56697)
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
Telephone:  (919) 573-1422
Facsimile:   (919) 420-0475
Email: jhendren@hendrenmalone.com
        rredwine@hendrenmalone.com
        bwaller@hendrenmalone.com
        lcarpenter@hendrenmalone.com
*Counsel for the Debtor*

7