**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

IN RE:                                                    CASE NO.:

**THREE OAKS BEHAVIORAL**                    **26-01207-5-JNC**
**HEALTH & WELLNESS, PLLC**

   **DEBTOR.**                                        **CHAPTER 11**

**BANKRUPTCY ADMINISTRATOR'S OBJECTION TO DEBTOR'S MOTION PURSUANT TO 11 U.S.C. § 365 (d)(3) FOR A 60-DAY DEFERRAL OF PERFORMANCE OF POST-PETITION RENT OBLIGATIONS UNDER UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY**

**NOW COMES** the Bankruptcy Administrator for the Eastern District of North Carolina, and hereby respectfully files this objection to the Debtor's Motion Pursuant to 11 U.S.C. § 365(d)(3) for a 60-Day Deferral of Performance of Post-Petition Rent Obligations under Unexpired Leases of Non-Residential Real Property (the "Motion") [DE #37]. In support of this objection, the Bankruptcy Administrator (the "BA") shows unto the Court as follows:

1.     This matter is a core proceeding pursuant to 28 U.S.C. § 157, and the Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334. The Court has the authority to hear this matter pursuant to the General Order of Reference enter August 3, 1984, by the United States District Court for the Eastern District of North Carolina.

2.      On March 16, 2026, the Debtor filed a voluntary petition for relief pursuant to the provisions of Chapter 11 of the Bankruptcy Code. Since filing, the Debtor has operated as a debtor-in-possession.

3.     On March 30, 2026, the Debtor filed the Motion. Therein, the Debtor seeks authority to delay the time of performance under Section 365 for sixty (60) days in order to recover its cash position.

4.       The Motion states "cause exists in this case due to liquidity constrains and the need to preserve estate value during the early state of the case."

5.       Courts have rarely considered the issue presented in the current Motion. Two instances in which the Bankruptcy Administrator was able to find discussion of rent deferment pursuant to Section 365 was in the *In re Pier 1* and *In re Modell's Sporting Goods* cases. Both of those cases were filed in 2020 and the motions to defer rent payments were filed in March and April of 2020, the beginning stages of the COVID-19 pandemic. *See In re Modell's Sporting Goods, Inc.*, No. 20-14179, Docket No. 115 (Bankr. D.N.J. Mar. 23, 2020); *In re Pier 1 Imports, Inc.*, No. 20-30805, Docket No. 438 (Bankr. E.D. Va. May 10, 2020). Although rent deferment was ultimately allowed in both cases, both cases represent a difficult solution in a global pandemic.

6.       The Motion should be denied for two reasons. First, the Motion concedes that the Debtor is administratively insolvent, or would be rendered administratively insolvent if required to satisfy all administrative expenses as they come due. Accordingly, the requested relief is inappropriate, as deferring rent obligations in this case would only exacerbate the Debtor's administrative insolvency. Second, the Motion should be denied because alleged "liquidity constraints" do not constitute sufficient cause to justify the requested relief.

**WHEREFORE,** based upon the foregoing, the Bankruptcy Administrator respectfully requests that the Court deny the Motion and requests a hearing on this matter; and, that the Court grant such other and further relief the Court may deem just and proper.

Respectfully submitted this the 13th day of April, 2026.

Brian C. Behr
Bankruptcy Administrator

By: /s/ Kirstin E. Gardner
Kirstin E. Gardner
Staff Attorney

Bankruptcy Administrator's Office
434 Fayetteville Street, Suite 640
Raleigh, NC 27601
(919) 334-3889
Kirstin_gardner@nceba.uscourts.gov
NC State Bar No. 52144

## <u>CERTIFICATE OF SERVICE</u>

I, Rick P. Hinson, of 434 Fayetteville Street, Suite 640, Raleigh, North Carolina, 27601, certify:

That I am, and at all times hereinafter mentioned was more than eighteen (18) years of age;

That on this day, I served copies of the foregoing document upon the following in the following manner:

Lydia Carpenter                                    (via CM/ECF)
Attorney for Debtor

I certify under penalty of perjury that the foregoing is true and correct.

Dated this the 13th day of April, 2026.

By: /s/ Rick P. Hinson
Rick P. Hinson
Operations Supervisor
Bankruptcy Administrator's Office
434 Fayetteville Street, Suite 640
Raleigh, NC 27601
