**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

IN RE:

| | |
|---|---|
| **THREE OAKS BEHAVIORAL HEALTH** | **CASE NO: 26-01207-5-JNC** |
| **& WELLNESS, PLLC,** | **CHAPTER 11** |

   **DEBTOR.**

**OBJECTION TO DEBTOR'S MOTION FOR DEFERRAL**
**OF POST-PETITION RENT OBLIGATIONS**

NOW COMES Jacques El-Chayeb ("El-Chayeb"), by and through his undersigned counsel, and hereby submits this Objection to Debtor's Motion pursuant to 11 U.S.C. § 365(d)(3) for a 60-day deferral of performance of post-petition rent obligations under unexpired leases of nonresidential real property, filed on March 30, 2026 [ECF No. 37].  In support of the Objection, El-Chayeb shows unto the Court as follows:

1. El-Chayeb is a owner and lessor of nonresidential real property leased and occupied by the Debtor and Casie L. Hall at 4701 Creedmoor Road, Ste. 101, Raleigh, North Carolina, pursuant to a written lease dated October 15, 2022 (the "Lease").

2. Pursuant to the Lease, Debtor is required to make rent payments on the first day of each month in the amount of $4,162.00.

3. The Debtor is required by 11 U.S.C. § 365(d)(3) to timely perform all post-petition lease obligations.

4. The Court "may extend, **for cause**, the time for performance of any such obligation that arises within 60 days after the date of the order for relief, but the time for performance **shall not be extended beyond** such 60-day period." (emphasis added).

5. The Debtor seeks to extend the time for payment of rent that arises within the first 60 days after the filing of the petition, until 60 days following the filing of the petition.

6. The Debtor fails to show cause for such an extension, and in support of its Motion, cites only "liquidity constraints and the need to preserve estate value."

7. The Debtor's First and Second Cash Collateral Orders [ECF Nos. 22 and 45] indicate that the Debtor has the current ability to make rent payments.

{N0677948.DOC; 1}

8.      If the Debtor's Motion is allowed, lease payments, which the Debtor is in a position to pay now, will be deferred into the future, when Debtor may or may not be able to fund the additional expense of accumulated administrative rent.

9.      The Motion makes no showing or suggestion of how the Debtor will cure the deferred rent, and maintain current rent, at the end of the deferral period.

10.     There is no indication that the Debtor's financial circumstances will be more favorable 60 days from now.

11.     Apparently, the Debtor is unable to pay other administrative expenses while at the same time remaining current on post-petition rent.  As a result, the Debtor is administratively insolvent and the Motion proposes only to make that situation worse.

12.     Casie L. Hall, the Debtor's owner and officer, has been approved to receive post-petition compensation of $15,000.00 per month plus benefits including 401(k) contributions.

13.     No cause exists to justify requiring the Debtor's lessors to finance Ms. Hall's income, or allowing the Debtor to accumulate surpluses of funds at the expense of post-petition landlords.

14.     El-Chayeb, and other similarly situated lessors, have ongoing expenses and liability relating to the premises, and the harm and prejudice to the lessors outweigh any benefit to be obtained from the deferral.

15.     El-Chayeb is entitled to, and has not been offered, adequate protection of its interest or adequate assurance of future performance.

16.     No cause exists, nor has sufficient cause been alleged, to justify the delay of rent payments.

WHEREFORE, Jacques El-Chayeb prays the Court as follows:

1.      That the Motion be DENIED;

2.      That the Debtor be required to comply with Section 365(d)(3) by timely performing all post-petition obligations under the Lease;

3.      That, if the Motion is allowed, the movant be allowed adequate protection and/or adequate assurance of future payment; and

4.      That the Court allow such other and further relief as it deems just and proper.

*Signature follows.*

{N0677948.DOC; 1}

This the 13th day of April, 2026.

**NARRON WENZEL, P.A.**

By: _/s/ David F. Mills_
   David F. Mills
   State Bar No. 18326
   P.O. Box 1567
   102 S. Third Street
   Smithfield, NC 27577
   Tele:  (919) 934-0049
   Fax:  (919) 938-1058
   dmills@narronwenzel.com

{N0677948.DOC; 1}

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

IN RE:

THREE OAKS BEHAVIORAL HEALTH          CASE NO: 26-01207-5-JNC
& WELLNESS, PLLC,                     CHAPTER 11

       DEBTOR.

## CERTIFICATE  OF SERVICE

I, David F. Mills, Attorney at Law, P.O. Box 1567, Smithfield, North Carolina 27577, certify that I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age; and that on the 13th day of April, 2026, I served a copy of the Objection to Debtor's Motion for Deferral of Post-Petition Rent Obligations on the following:

**VIA CM/ECF**
Brian Behr                            George M. Oliver
Bankruptcy Administrator              Chapter 11 Trustee

Lydia Carpenter
*Attorney for Debtor*

**VIA/FIRST CLASS MAIL**
Three Oaks Behavioral Health & Wellness, PLLC
4701 Creedmoor Road, Suite 101
Raleigh, NC 27612

All parties registered to receive service in this matter via CM/ECF.

I certify under penalty of perjury that the foregoing is true and correct.

This the 13th day of April, 2026.

               **NARRON WENZEL, P.A.**

            By:  */s/ David F. Mills*
               David F. Mills
               State Bar No. 18326
               P.O. Box 1567
               102 S. Third Street
               Smithfield, NC 27577
               Tele:  (919) 934-0049
               Fax:  (919) 938-1058
               dmills@narronwenzel.com

{N0677948.DOC; 1}