**SO ORDERED.**

**SIGNED this 29 day of April, 2026.**



_Joseph N. Callaway_
**Joseph N. Callaway**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

IN RE:                                        )
                                              )         **Case No. 26-01207-5-JNC**
**THREE OAKS BEHAVIORAL**                     )
**HEALTH & WELLNESS, PLLC**                   )
                                              )         **Chapter 11**
            **Debtor.**                       )

### ORDER ALLOWING MOTION TO REJECT CERTAIN UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY AND ABANDON RELATED PERSONAL PROPERTY ASSETS

THIS MATTER comes before the Court upon the Debtor's Motion to Reject Certain Executory Contracts and Abandon Related Personal Property Assets which was filed on April 8, 2026 (the "Motion").  After proper notice and an opportunity for a hearing and based on the record in this case and the evidence presented, it appears that the Motion was duly served and that the relief requested therein is proper and should be granted.  Accordingly, based on the Motion and the record in this case, the Court makes the following findings of fact and conclusions of law:

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      The Debtor filed a voluntary petition pursuant to Chapter 11 of the United States Bankruptcy Code on March 16, 2026.  The Debtor continues in possession of its assets, operates its business, and manages its affairs as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

3.      Three Oaks Behavioral Health & Wellness, PLLC is a North Carolina corporation which owns and operates an outpatient psychotherapy practice with ten (10) locations in Wake, Durham, and Orange counties. It has been in business since 2017 and had 98 employees as of the petition date.

4.      As part of its efforts to restructure, the Debtor has reviewed and identified certain leases that are a burden on the Debtor and its estate and are likely to continue to drive losses for the Debtor, and the Debtor is in the process of closing its offices at these leased locations (the "Closed Offices") and transitioning its staff and patients to other existing offices.

5.      Prior to the Petition Date, the Debtor entered into certain leases as set forth in **Exhibit A to the Motion**, which, if they have not already been terminated or are not subject to immediate termination, the Debtor desires to reject as of the Effective Dates set forth on Exhibit A. (collectively, the "Rejected Leases').

6.      Further, the Debtor desires to abandon certain personal property contained in the Rejected Lease premises.

7.      The Rejected Leases and the personal property are not necessary to the Debtor's reorganization, have no value to the estate, and their rejection is in the best interests of the estate and its creditors.

8.      It is appropriate to establish a bar date of 60 days from the entry of this Order for the assertion of any claims arising from the rejection of any of the Rejected Leases or arising out of or related to the subject of any of the Rejected Leases.

NOW, THEREFORE, in consideration of the above findings of fact and conclusions of law, IT IS ORDERED as follows:

1.      To the extent that the Rejected Leases were not terminated prior to the Petition Date or subject to immediate termination by receipt of the Motion, the Rejected Leases are rejected as of the Effective Date(s) set forth on Exhibit A.

2.      The Debtor is hereby authorized to abandon the personal property assets located at the Rejected Lease Premises.

3.      Any claim arising from the rejection of any of the Rejected Leases shall be filed within 60 days after the date of the entry of this Order, and if not timely filed any such claim shall be barred.

4.      Any creditor believing it is entitled to an administrative claim arising out of or related to the subject of any of the Contracts shall file with the Court within 60 days after the date of the entry of this Order (the "Administrative Bar Date") a Motion or Request for Allowance of Administrative Expense Claim, and if such a motion or request is not timely filed any such claim shall be barred.  It shall not be sufficient for a creditor to file a proof of claim asserting an administrative claim arising out of or related to any of the Rejected Leases without timely filing by the Administrative Bar Date of an appropriate Motion or Request for Allowance of Administrative Expense Claim.  Any proofs of claim filed by a creditor asserting an administrative claim arising out of or related to any of the Contracts that are filed without the creditor's timely filing by the Administrative Bar Date of an appropriate Motion or Request for Allowance of

Administrative Expense Claim shall be disallowed.   Nothing in this order shall waive or limit the rights of the Debtor to object to any rejection damage claims or other claims filed by any lease counterparty.

**END OF DOCUMENT**