UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

THREE OAKS BEHAVIORAL
HEALTH & WELLNESS, PLLC                    CASE NO. 26-01207-5-JNC

          DEBTOR                           CHAPTER 11

MOTION OF NORTH CAROLINA OFFICE I, LP FOR RELIEF
FROM THE AUTOMATIC STAY TO APPLY SECURITY DEPOSIT
PURSUANT TO 11 U.S.C. § 362(d)(1)

COMES NOW North Carolina Office I, LP (the "Landlord"), by and through undersigned counsel, pursuant to 11 U.S.C. §§ 362(d)(1) and 553 and Federal Rule of Bankruptcy Procedure 4001, and moves this Court for an order granting limited relief from the automatic stay to permit the Landlord to apply a pre-petition security deposit against a pre-petition rent arrearage owed by Three Oaks Behavioral Health & Wellness, PLLC (the "Debtor"). In support of this Motion, the Landlord shows the Court the following:

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). Venue is proper pursuant to 28 U.S.C. § 1409.

2.      The Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on March 16, 2026 (the "Petition Date"). The Debtor is operating as a debtor-in-possession.

3.      Prior to the Petition Date, the Debtor and the Landlord were parties to a nonresidential real property lease (the "Lease") for premises located at 56 Hunter Street, Suite 200, Apex, North Carolina 27502. In connection with the Lease, the Debtor paid the Landlord a security deposit of $5,879.25 (the "Deposit"). The Landlord continues to hold the Deposit.

4.     As of the Petition Date, the Debtor was delinquent in the payment of base rent in the amount of $8,907.07 (the "Pre-Petition Arrearage"). The Pre-Petition Arrearage arose entirely before the commencement of this case and constitutes a pre-petition debt of the Debtor to the Landlord.

5.     The Landlord is also the holder of a yet to be filed proof of claim asserting the Pre-Petition Arrearage, net of the Deposit, as a component of its general unsecured claim, and a separately filed Motion for Allowance of Administrative Expense Claim for post-petition rent obligations. The relief sought herein is limited to the Landlord's right to apply the Deposit in reduction of the Pre-Petition Arrearage.

6.     The automatic stay imposed by 11 U.S.C. § 362(a)(7) stays the exercise of any right of setoff of a debt owed to the debtor that arose before the commencement of the case against any claim against the debtor that arose before the commencement of the case. Absent relief from the stay, the Landlord may not apply the Deposit against the Pre-Petition Arrearage, even though both obligations arose prior to the Petition Date and a right of setoff exists under applicable law. 11 U.S.C. § 553.

7.     Section 553(a) of the Bankruptcy Code provides that, subject to certain exceptions not applicable here, the Code does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case against a claim of such creditor against the debtor that arose before the commencement of the case. The Deposit represents an obligation of the Landlord to return funds to the Debtor upon satisfaction of the conditions of the Lease. The Pre-Petition Arrearage represents an obligation of the Debtor to the Landlord for unpaid rent. Both obligations are pre-petition and arise between the same two parties. The mutuality requirement of § 553 is satisfied.

8.     Pursuant to 11 U.S.C. § 362(d)(1), the Court shall grant relief from the stay for cause. The existence of a valid, statutory setoff right under § 553 constitutes cause to lift the automatic stay. The Landlord has a clear contractual and statutory basis for applying the Deposit. Denying the Landlord the ability to exercise this right would effectively force the Landlord to disgorge the Deposit to the estate while

simultaneously holding an unsecured claim for the Pre-Petition Arrearage, an inequitable result that § 553 was designed to prevent.

9.    Application of the Deposit will reduce the Pre-Petition Arrearage from $8,907.07 to $3,027.82. The application will not impair the administration of this estate, will not prejudice any secured creditor, and will not interfere with the Debtor's reorganization. The limited relief sought herein is narrow in scope and confined to the netting of two pre-petition obligations between the same parties.

10.   The proposed Order is attached hereto.

WHEREFORE, North Carolina Office I, LP respectfully requests that the Court enter an order:

1.    Granting relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) to permit the Landlord to apply the security deposit of $5,879.25 against the pre-petition rent arrearage of $8,907.07, leaving a net pre-petition arrearage of $3,027.82;

2.    Providing that such application shall be deemed effective as of the date of entry of the order;

3.    Waiving the fourteen-day stay of the order provided by Federal Rule of Bankruptcy Procedure 4001(a)(3); and

4.    Granting such other and further relief as the Court may deem just and proper.

Date: 05/19/2026

s/John C. Bircher III
John C. Bircher III
N.C. State Bar No. 24119
DAVIS HARTMAN WRIGHT LLP
209 Pollock Street
New Bern, NC 28560
Telephone/Facsimile 252-262-7055
Email: john.bircher@dhwlegal.com

*PROPOSED ORDER*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

THREE OAKS BEHAVIORAL
HEALTH & WELLNESS, PLLC                    CASE NO. 26-01207-5-JNC

DEBTOR                                      CHAPTER 11

**ORDER ALLOWING MOTION OF NORTH CAROLINA OFFICE I, LP FOR RELIEF FROM THE AUTOMATIC STAY TO APPLY SECURITY DEPOSIT PURSUANT TO 11 U.S.C. § 362(d)(1)**

THIS MATTER comes before the Court on the Motion of North Carolina Office 1, LP for Relief from the Automatic Stay to Apply Security Deposit Pursuant to 11 U.S.C. §362(d)(1) ("Motion").  After proper notice, and there being no response from the Debtor, the Court finds as follows:

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). Venue is proper pursuant to 28 U.S.C. § 1409.

2.     The Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on March 16, 2026 (the "Petition Date"). The Debtor is operating as a debtor-in-possession.

3.     Prior to the Petition Date, the Debtor and North Carolina Office 1, LP (the "Landlord") were parties to a nonresidential real property lease (the "Lease") for premises located at 56 Hunter Street, Suite 200, Apex, North Carolina 27502. In connection with the Lease, the Debtor paid the Landlord a security deposit of $5,879.25 (the "Deposit"). The Landlord continues to hold the Deposit.

4.     As of the Petition Date, the Debtor was delinquent in the payment of base rent in the amount of $8,907.07 (the "Pre-Petition Arrearage"). The Pre-Petition Arrearage arose entirely before the commencement of this case and constitutes a pre-

petition debt of the Debtor to the Landlord.

5.      The Landlord is also the holder of a yet to be filed proof of claim asserting the Pre-Petition Arrearage, net of the Deposit, as a component of its general unsecured claim, and a separately filed Motion for Allowance of Administrative Expense Claim for post-petition rent obligations. The relief sought herein is limited to the Landlord's right to apply the Deposit in reduction of the Pre-Petition Arrearage.

6.      The automatic stay imposed by 11 U.S.C. § 362(a)(7) stays the exercise of any right of setoff of a debt owed to the debtor that arose before the commencement of the case against any claim against the debtor that arose before the commencement of the case. Absent relief from the stay, the Landlord may not apply the Deposit against the Pre-Petition Arrearage, even though both obligations arose prior to the Petition Date and a right of setoff exists under applicable law. 11 U.S.C. § 553.

7.      Section 553(a) of the Bankruptcy Code provides that, subject to certain exceptions not applicable here, the Code does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case against a claim of such creditor against the debtor that arose before the commencement of the case. The Deposit represents an obligation of the Landlord to return funds to the Debtor upon satisfaction of the conditions of the Lease. The Pre-Petition Arrearage represents an obligation of the Debtor to the Landlord for unpaid rent. Both obligations are pre-petition and arise between the same two parties. The mutuality requirement of § 553 is satisfied.

8.      Pursuant to 11 U.S.C. § 362(d)(1), the Court shall grant relief from the stay for cause. The existence of a valid, statutory setoff right under § 553 constitutes cause to lift the automatic stay. The Landlord has a clear contractual and statutory basis for applying the Deposit. Denying the Landlord the ability to exercise this right would effectively force the Landlord to disgorge the Deposit to the estate while simultaneously holding an unsecured claim for the Pre-Petition Arrearage, an inequitable result that § 553 was designed to prevent.

9.      Application of the Deposit will reduce the Pre-Petition Arrearage from

$8,907.07 to $3,027.82. The application will not impair the administration of this estate, will not prejudice any secured creditor, and will not interfere with the Debtor's reorganization. The limited relief sought herein is narrow in scope and confined to the netting of two pre-petition obligations between the same parties.

NOW, THEREFORE, based on the foregoing, IT IS ORDERED, ADJUDGED, AND DECREED as follows:

1.      That the Automatic Stay pursuant to 11 U.S.C. §§ 362(d) is lifted to permit the Landlord to apply the security deposit of $5,879.25 against the pre-petition rent arrearage of $8,907.07, leaving a net pre-petition arrearage of $3,027.82.

2.      The application shall be deemed effective as of the date of the entry of this order.

3.      The fourteen-day stay of the order provided by Federal Rule of Bankruptcy Procedure 4001(a)(3) is waived.

END OF DOCUMENT

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

THREE OAKS BEHAVIORAL
HEALTH & WELLNESS, PLLC                         CASE NO. 26-01207-5-JNC

            DEBTOR                              CHAPTER 11

NOTICE OF MOTION OF NORTH CAROLINA OFFICE I, LP FOR RELIEF
FROM THE AUTOMATIC STAY TO APPLY SECURITY DEPOSIT
PURSUANT TO 11 U.S.C. § 362(d)(1)

North Carolina Office I, LP ("Movant"), by and through its undersigned counsel, has filed papers with the Bankruptcy Court ("Court") requesting relief from the automatic stay. Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the Court to grant the motion, or if you want the Court to consider your views on the motion, then on or before FOURTEEN (14) DAYS from the date of this notice unless otherwise ordered, you or your attorney must file with the court, pursuant to Local Rule 9013-1 and 9014-1, a written response, an answer explaining your position, and a request for hearing.

If a response and a request for hearing is filed in writing on or before the date set above, a hearing will be conducted on the motion at a date, time and place to be later set and all parties will be notified accordingly. If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

Dated: 05/19/2026

<u>s/John C. Bircher III</u>
John C. Bircher III
N.C. State Bar No. 24119
DAVIS HARTMAN WRIGHT LLP
209 Pollock Street
New Bern, NC 28560
(252) 262-7055 Tel/Fax
Email: john.bircher@dhwlegal.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this day, he served a copy of the foregoing on the parties in interest either electronically or by depositing copies of same in a depository under the exclusive care and custody of the United States Postal Service, in a postage-paid envelope, addressed as follows:

Lydia C. Carpenter
*Counsel for Debtor*
*(via CM/ECF)*

George M. Oliver
*Chapter 11 Trustee*
*(via CM/ECF)*

Brian C. Behr
*Bankruptcy Administrator*
*(via CM/ECF)*

Attached matrix

Dated: 05/19/2026

s/John C. Bircher III
John C. Bircher III
N.C. State Bar No. 24119
DAVIS HARTMAN WRIGHT LLP
209 Pollock Street
New Bern, NC 28560
(252) 262-7055 Tel/Fax
Email: john.bircher@dhwlegal.com

70 East Business, LLC
Attn: Managing Agent
P.O. Box 1816
Garner, NC 27529

AKF, Inc. dba Fundkite
Attn: Managing Agent
2 S. Biscane Blvd., 23rd Floor
Miami, Fl 33131

Benson Road Holdings LLC
Attn: Managing Agent
500 Cardinal Drive
Raleigh, NC 27605

Blue Cross Blue Shield NC
Attn: Managing Agent
4615 University Drive
Durham, NC 27707

Carrott Fertility
Attn: Managing Agent
2829 Weston Parkway, Ste 100
West Des Moines, IA 50266

Chase
Attn: Managing Agent
P.O. Box 15123
Wilmingotn, DE 19850

Chatham County Tax
Attn: Managing Agent
P.O. Box 908
Pittsboro, NC 27312

Corporation Service Company
Attn: Managing Agent
P.O. Box 2576
Springfield, IL 62703

Dataek Properties, LLC
Attn: Managing Agent
8229 Zebulon Road
Youngsville, NC 27596

Dresser Court Properties LLC
Attn: Managing Agent
2000 Bear Cat Way, Ste 102
Morrisville, NC 27560

Guardian
Attn: Managing Agent
10 Hudson Yards
New York, NY 10001

Henry H Sink, Jr.

3701 Holly Lane, Apt 201
Raleigh, NC 27612

Jacques A El-Chayeb

3622 Shannon Road, Ste 104
Durham, NC 27707

Kapitus, LLC
Attn: Managing Agent
2500 Wilson Blvd, Ste 350
Arlington, VA 22201

Lyckan, LLC
Attn: Managing Agent
3708 Lyckan Parkway, Ste 201
Durham, NC 27707

North Carolina Office I, LP
Attn: Managing Agent
2900 Linden Lane, Ste 300
Silver Spring, MD 20910

Skylak Investments, LLC
Attn: Managing Agent
204 Glenview Place
Chapel Hill, NC 27514

Stellar Capital LLC
Attn: Managing Agent
600 Summer Street, Ste 204
Stamford, CT 6901

Vault
Attn: Managing Agent
26501 Rancho Parkway, Ste 104
Lake Forest, CA 92630

Wells Fargo Bank, NA
Attn: Managing Agent or Officer
P.O. Box 31557
Billings, MT 59107

CT Corporation System
Attn: Managing Agent
330 N. Brand Blvd, Ste 700
Glendale, CA 91203

Lendero, LLC
Attn: Managing Agent
1116 Main Street, Ste A
Brandoes, CT 6405

Truist Bank
Attn: Managing Agent or Officer
P.O.Box 1626
Wilson, NC 27894

Parkview Advance LLC
Attn: Managing Agent
600 Summer Street, Ste 204
Stamford, CT 6901

Spectrum
Attn: Managing Agent
P.O.Box 299008
Lewisville, TX 75029

Duke Energy
Attn: Managing Agent
P.O.Box 1094
Charlotte, NC 28201

Piedmont Natural Gas
Attn: Managing Agent
P.O. Box 1246
Charlotte, NC 28201

Raleigh Water
Attn: Managing Agent
P.O. Box 71081
Charlotte, NC 28272

Three Oaks Behavioral Health
& Wellness, PLLC
Attn: Manager or Agent
1011 Dresser Court
Raleigh, NC  27609