UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

THREE OAKS BEHAVIORAL
HEALTH & WELLNESS, PLLC                          CASE NO. 26-01207-5-JNC

DEBTOR                                           CHAPTER 11

## MOTION OF NORTH CAROLINA OFFICE I, LP FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. §§ 365(d)(3) AND 503(b)(1)(A)

NOW COMES North Carolina Office I, LP (the "Landlord"), by and through undersigned counsel, pursuant to 11 U.S.C. §§ 365(d)(3) and 503(b)(1)(A) and Federal Rule of Bankruptcy Procedure 9013, and moves this Court for an order allowing an administrative expense claim against the estate of Three Oaks Behavioral Health & Wellness, PLLC (the "Debtor"). In support of this Motion, the Landlord shows the Court the following:

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

2.      The Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on March 16, 2026. The Debtor continues to operate its business and manage its affairs as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

3.      Prior to the petition date, the Debtor and the Landlord were parties to a nonresidential real property lease (the "Lease") for premises located at 56 Hunter Street, Suite 200, Apex, North Carolina 27502 (the "Premises"). The Lease provides for base monthly rent of $6,500.00, together with additional charges for real property taxes, insurance, and common area maintenance as set forth therein.

4.      On April 8, 2026, the Debtor filed its Motion to Reject Certain Unexpired Leases of Non-Residential Real Property and Abandon Related Personal Property Assets (Doc. 52) (the "Rejection Motion"), seeking rejection of the Lease with an effective

date of April 14, 2026. The Landlord was served with the Rejection Motion on April 8, 2026.

5.     The proposed order submitted with the Rejection Motion establishes a bar date of sixty days from the entry of the order for any party seeking allowance of an administrative expense claim arising out of or related to the rejected leases and expressly provides that filing a proof of claim alone will not be sufficient to preserve such a claim. The Landlord files this Motion within that bar date and in compliance with that requirement.

6.     Section 365(d)(3) of the Bankruptcy Code provides that a trustee or debtor-in-possession shall timely perform all obligations of the debtor arising under a nonresidential real property lease from the date of the petition until such lease is assumed or rejected. See 11 U.S.C. § 365(d)(3). Obligations arising under § 365(d)(3) are entitled to administrative expense priority under 11 U.S.C. § 503(b)(1)(A) as actual, necessary costs and expenses of preserving the estate. See *In re Merry-Go-Round Enterprises v. Simon DeBartolo Group,* 180 F.3d 149 (1999). The debtor-in-possession's performance obligation runs from the petition date until the lease is rejected, without proration or deferral except as expressly authorized by the Court.

7.     The post-petition pre-rejection period runs from March 16, 2026 through April 14, 2026. Base rent under the Lease is $6,500.00 per month. The pro-rated base rent for this period is calculated as follows: for March 16 through March 31, 2026, a period of 16 days out of 31, the pro-rated base rent is $3,354.84; for April 1 through April 14, 2026, a period of 14 days out of 30, the pro-rated base rent is $3,033.33. The total pro-rated base rent for the post-petition period is $6,388.17.

8.     The Landlord is separately reviewing the Lease to determine whether additional charges for real property taxes, insurance premiums, and common area maintenance (collectively, "Additional Charges") accrued or became due during the post-petition period. The Landlord expressly reserves the right to supplement this Motion to assert those amounts as additional administrative expenses once the applicable calculations are complete. The Landlord requests that the Court allow the

administrative expense claim in an amount not less than $6,388.17, with the full amount to be determined upon supplementation.

9. The Landlord further notes that, as of the petition date, the Debtor was delinquent in the payment of base rent in the amount of $8,907.07 (the "Pre-Petition Arrearage"). The Landlord holds a security deposit in the amount of $5,879.25 (the "Deposit"), which the Landlord is entitled to apply as a setoff against amounts owed. The Pre-Petition Arrearage, net of the Deposit, and any rejection damages will be the subject of a separately filed proof of claim and are not included in the administrative expense claim asserted.

10. The Landlord's post-petition rent claim of $6,388.17, together with any Additional Charges to be established by supplementation, constitutes an administrative expense entitled to priority treatment and payment under 11 U.S.C. §§ 365(d)(3) and 503(b)(1)(A).

11. A copy of the proposed Order is attached.

WHEREFORE, North Carolina Office I, LP respectfully requests that the Court enter an order:

1. Allowing an administrative expense claim in favor of the Landlord in an amount not less than $6,388.17 for post-petition base rent accrued pursuant to 11 U.S.C. § 365(d)(3) for the period March 16, 2026 through April 14, 2026;

2. Reserving the right of the Landlord to supplement this Motion with additional amounts for post-petition taxes, insurance, and common area maintenance charges upon completion of the applicable calculations; and

3. Granting such other and further relief as the Court may deem just and proper.

DATED: 05/19/2026

s/John C. Bircher III
John C. Bircher III
N.C. State Bar No. 24119
DAVIS HARTMAN WRIGHT LLP
209 Pollock Street
New Bern, NC 28560
Tel/Fax: (252) 262-7055

*Proposed ORDER*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

THREE OAKS BEHAVIORAL
HEALTH & WELLNESS, PLLC                       CASE NO. 26-01207-5-JNC

DEBTOR                                        CHAPTER 11

**ORDER ON MOTION OF NORTH CAROLINA OFFICE I, LP FOR
ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO
11 U.S.C. §§ 365(d)(3) AND 503(b)(1)(A)**

THIS MATTER comes before the United States Bankruptcy Court for an order allowing North Carolina Office I, LLP an administrative expense claim pursuant to 11 U.S.C. §§ 365(d)(3) and 503(b)(1)(A) as set forth in the Motion. There being proper notice given and no objections filed, the Court finds the following:

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

2.      The Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on March 16, 2026. The Debtor continues to operate its business and manage its affairs as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

3.      Prior to the petition date, the Debtor and the Landlord were parties to a nonresidential real property lease (the "Lease") for premises located at 56 Hunter Street, Suite 200, Apex, North Carolina 27502 (the "Premises"). The Lease provides for base monthly rent of $6,500.00, together with additional charges for real property taxes, insurance, and common area maintenance as set forth therein.

4.      On April 8, 2026, the Debtor filed its Motion to Reject Certain Unexpired Leases of Non-Residential Real Property and Abandon Related Personal Property

Assets (Doc. 52) (the "Rejection Motion"), seeking rejection of the Lease with an effective date of April 14, 2026. The Landlord was served with the Rejection Motion on April 8, 2026.

5.      The proposed order submitted with the Rejection Motion establishes a bar date of sixty days from the entry of the order for any party seeking allowance of an administrative expense claim arising out of or related to the rejected leases and expressly provides that filing a proof of claim alone will not be sufficient to preserve such a claim. The Landlord files this Motion within that bar date and in compliance with that requirement.

6.      Section 365(d)(3) of the Bankruptcy Code provides that a trustee or debtor-in-possession shall timely perform all obligations of the debtor arising under a nonresidential real property lease from the date of the petition until such lease is assumed or rejected. See 11 U.S.C. § 365(d)(3). Obligations arising under § 365(d)(3) are entitled to administrative expense priority under 11 U.S.C. § 503(b)(1)(A) as actual, necessary costs and expenses of preserving the estate. See *In re Merry-Go-Round Enterprises v. Simon DeBartolo Group,* 180 F.3d 149 (1999). The debtor-in-possession's performance obligation runs from the petition date until the lease is rejected, without proration or deferral except as expressly authorized by the Court.

7.      The post-petition pre-rejection period runs from March 16, 2026 through April 14, 2026. Base rent under the Lease is $6,500.00 per month. The pro-rated base rent for this period is calculated as follows: for March 16 through March 31, 2026, a period of 16 days out of 31, the pro-rated base rent is $3,354.84; for April 1 through April 14, 2026, a period of 14 days out of 30, the pro-rated base rent is $3,033.33. The total pro-rated base rent for the post-petition period is $6,388.17.

8.      The Landlord is separately reviewing the Lease to determine whether additional charges for real property taxes, insurance premiums, and common area maintenance (collectively, "Additional Charges") accrued or became due during the post-petition period. The Landlord expressly reserves the right to supplement this Motion to assert those amounts as additional administrative expenses once the applicable calculations are complete. The Landlord requests that the Court allow the

administrative expense claim in an amount not less than $6,388.17, with the full amount to be determined upon supplementation.

9. The Landlord further notes that, as of the petition date, the Debtor was delinquent in the payment of base rent in the amount of $8,907.07 (the "Pre-Petition Arrearage"). The Landlord holds a security deposit in the amount of $5,879.25 (the "Deposit"), which the Landlord is entitled to apply as a setoff against amounts owed. The Pre-Petition Arrearage, net of the Deposit, and any rejection damages will be the subject of a separately filed proof of claim and are not included in the administrative expense claim asserted.

10. The Landlord's post-petition rent claim of $6,388.17, together with any Additional Charges to be established by supplementation, constitutes an administrative expense entitled to priority treatment and payment under 11 U.S.C. §§ 365(d)(3) and 503(b)(1)(A).

IT IS ORDERED ADJUDGED AND DECREED that North Carolina Office I, LP is allowed an administrative expense claim in an amount not less than $6,388.17 for post-petition base rent accrued pursuant to 11 U.S.C. § 365(d)(3) for the period March 16, 2026 through April 14, 2026, and North Carolina Office I, LP reserves the right to supplement the Motion with additional amounts for post-petition taxes, insurance, and common area maintenance charges upon completion of the applicable calculations.

END OF DOCUMENT

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION


IN RE:

THREE OAKS BEHAVIORAL                    CASE NO. 26-01207-5-JNC
HEALTH & WELLNESS, PLLC

                                         CHAPTER 11

        DEBTOR

### NOTICE OF MOTION OF NORTH CAROLINA OFFICE I, LP FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. §§ 365(d)(3) AND 503(b)(1)(A)


        North Carolina Office I, LP ("Movant"), by and through its undersigned counsel, has filed papers with the Bankruptcy Court ("Court") requesting relief from the automatic stay. Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

        If you do not want the Court to grant the motion, or if you want the Court to consider your views on the motion, then on or before FOURTEEN (14) DAYS from the date of this notice unless otherwise ordered, you or your attorney must file with the court, pursuant to Local Rule 9013-1 and 9014-1, a written response, an answer explaining your position, and a request for hearing.

        If a response and a request for hearing is filed in writing on or before the date set above, a hearing will be conducted on the motion at a date, time and place to be later set and all parties will be notified accordingly. If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.


        Dated: 05/19/2026

                                         s/John C. Bircher III
                                         John C. Bircher III
                                         N.C. State Bar No. 24119
                                         DAVIS HARTMAN WRIGHT LLP
                                         209 Pollock Street
                                         New Bern, NC 28560
                                         (252) 262-7055 Tel/Fax
                                         Email: john.bircher@dhwlegal.com