**SO ORDERED.**

**SIGNED this 9 day of June, 2026.**

_Joseph N. Callaway_
**Joseph N. Callaway**
**United States Bankruptcy Judge**

---

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF NORTH CAROLINA
### RALEIGH DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Case No. 26-01207-5-JNC** |
| THREE OAKS BEHAVIORAL | ) | |
| HEALTH & WELLNESS, PLLC | ) | **Chapter 11** |
| | ) | |
| Debtor. | ) | |

### ORDER ON PRELIMNARY HEARING FOR EMERGENCY MOTION TO ENFORCE AUTOMATIC STAY AND REQUESTING SHOW CAUSE FOR A CIVIL CONTEMPT AGAINST TRITON RECOVERY, LLC; AND ORDER ISSUING SHOW CAUSE AND SETTING HEARING

This matter is before the Court on the emergency motion of debtor Three Oaks Behavioral Health & Wellness, PLLC (the "Debtor") seeking enforcement of automatic stay of 11 U.S.C. § 362(a) and recovery of funds constituting property of the Debtor that were diverted by Triton Recovery, LLC d/b/a Triton Recovery Group ("Triton") in its representation of Stellar Capital, LLC ("Stellar"), and, in addition, for the issuance of a show cause order the imposition of damages and sanctions pursuant to 11 U.S.C. § 362(k) for violation of the automatic stay. The matter was noticed for and heard on an emergency basis at 3:00 p.m. on June 9, 2026 before the court in Greenville, North Carolina. Appearing at the hearing were attorneys Lydia Carpenter for the Debtor and Kylie Hamilton for Triton.

Debtor's counsel provided a proffer of her timeline and substance of contact and communications with Triton's internal chief legal officer, Erica Gilerman. The Debtor next presented the testimony of Casie Hall, the owner and chief officer of the Debtor. Ms. Hall testified as to the process and discovery of the missing insurance checks, steps taken to recover the same, the extent of the problem, and effects caused by loss of the funds. A list of the known diverted funds and checks totaling $45,167.30 was confirmed by Ms. Hall and offered into evidence. She maintains that more checks and funds belonging to the Debtor likely were diverted as well. In its defense at the hearing, Triton filed an affidavit (Dkt. 99) from Ms. Gilerman.

At the conclusion of the hearing, the court found that the facts alleged in the Debtor's motion and the presentation made in the Motion and at the hearing forecasts that the Debtor is likely to succeed on the merits of its claims, that Triton violated the automatic stay of 11 U.S.C. § 362(a) in this case, that Triton's actions have caused harm to the Debtor and its bankruptcy estate, and that if not cured, such harm and damage may cause irreparable harm to the Debtor. Because the matter was heard on a preliminary basis, the court makes no findings at this time as to the extent of the harm and damages suffered by the Debtor, whether Triton has in good faith undertaken sufficient mitigation efforts, and whether a finding of civil contempt or imposition of punitive damages would be appropriate. All such issues are left for a further evidentiary hearing.

It is therefore hereby **ORDERED and DECREED**:

1. Triton is **DIRECTED,** under pain of possible contempt, immediately and forthwith to (a) cease and desist all collection activity regarding the funds and receivables constituting property of the Debtor, (b) undertake mitigation efforts including but not limited to contacting and informing third parties it may have served the subject lien notices upon so that the lien is released, (c) account for all funds from any source constituting property of the Debtor paid or diverted to Triton since the filing of the Debtor's chapter 11 petition date on March 16, 2026, and (d) without delay, return, release, and transmit to the Debtor all funds constituting property of the Debtor in the possession, custody, or control of Triton. The transmittal of any funds of the Debtor shall be made to an account as instructed by Debtor's counsel.

2. A further evidentiary hearing on the Motion and the Debtor's request for monetary sanctions, including possible punitive damages, is hereby set and noticed for **11:00 a.m. on Monday, June 15, 2026, at the United States Bankruptcy Court, Randy D. Doub United States Courthouse, 2nd Floor Courtroom, 150 Reade Circle, Greenville, North Carolina 27858.**

3. Further, Triton is **DIRECTED** to appear before the court and show cause as to why it should not be held in civil contempt and subjected to civil fines for violations of the automatic stay and disobedience of court orders, such hearing also to be held at 1**1:00 a.m. on Monday, June 15, 2026, at the United States Bankruptcy Court, Randy D. Doub United States Courthouse, 2nd Floor Courtroom, 150 Reade Circle, Greenville, North Carolina 27858.**

**END OF DOCUMENT**