UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:                                          )
                                                )        **Case No. 26-01207-5-JNC**
**THREE OAKS BEHAVIORAL**        )
**HEALTH & WELLNESS, PLLC**  )                 **Chapter 11**
                                                )
           **Debtor.**                          )

## AMENDED DECLARATION OF ERICA R. GILERMAN, ESQ. ON BEHALF OF TRITON RECOVERY LLC AND IN RESPONSE TO THREE OAKS BEHAVIORAL HEALTH & WELLNESS, PLLC'S EMERGENCY *EX PARTE* MOTION TO ENFORCE AUTOMATIC STAY, MOTION TO SHOW CAUSE WHY DAMAGES AND OTHER CIVIL CONTEMPT PENALTIES SHOULD NOT BE IMPOSED AGAINST TRITON RECOVERY, LLC, AND MOTION FOR CONTEMPT AND SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY

NOW COMES ERICA R. GILERMAN, ESQ., on behalf of Triton Recovery LLC ("Triton") and in response to Three Oaks Behavioral Health & Wellness, PLLC's (the "Debtor") *Emergency Ex Parte Motion to Enforce Automatic Stay, Motion to Show Cause Why Damages and other Civil Contempt Penalties Should Not Be Imposed Against Triton Recovery, LLC, and Motion for Contempt and Sanctions for Violation of the Automatic Stay* ("Emergency Motion") [Dkt. 91], under penalty of perjury and pursuant to 28 U.S.C. § 1746, Rule 9011(e) of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 5005-4(7)(a), and declares as follows:

1.     I am over 18 years of age, of sound mind, and capable of making this declaration. The facts stated in this Declaration are within my personal knowledge and are true and correct.

2.     I am the Chief Legal Officer of Triton. I am admitted to practice law in the States of New York and New Jersey and am authorized to serve as Authorized House Counsel in the State of Florida.

3.     Triton is a commercial collections agency registered to do business in North Carolina.

1

4.     In this case, Triton is the third-party commercial collections agency acting on behalf of Parkview Advance LLC ("Parkview") and Stellar Capital LLC ("Stellar") in connection with the matters referenced herein, pursuant to a Collection Services and Engagement Agreement. Triton did not enter into any agreement with the Debtor.

5.     I have personal knowledge of the facts set forth in this Declaration, except where otherwise indicated. By virtue of my position and responsibilities with Triton, I am familiar with Triton's policies, procedures, business practices, and records, as well as the events and communications relevant to this matter.

6.     I personally managed and/or oversaw the handling of Triton's actions with regard to the Debtor's accounts, which Triton is servicing, including but not limited to  oversight of the UCC lien notices that were sent out and when. My said duties require me to have knowledge of the facts regarding the Debtor's accounts that Triton is servicing.

7.     I have personal knowledge of the facts described in Debtor's Emergency Motion.

8.     On or about March 12, 2026, Triton received a placement from Stellar for the collection of an outstanding obligation allegedly owed by Three Oaks Behavioral Health & Wellness PLLC  and Cassie Lorraine Hall (the "Guarantor").

9.     Similarly, on or about March 13, 2026, Triton received a placement from Parkview for the collection of an outstanding obligation allegedly owed by Three Oaks Behavioral Health & Wellness PLLC  and Cassie Lorraine Hall.

10.     I personally managed and oversaw Triton's activities with respect to this file, including, but not limited to, the issuance of UCC lien notices, the identification of the entities to whom such notices were transmitted, and Triton's servicing of the account. In the ordinary course of my duties as Chief Legal Officer, I maintained familiarity with the facts, records, and

2

communications relating to this matter. I also served as Triton's primary point of contact with respect to the UCC lien notices and communications involving bankruptcy counsel.

11.     On or about March 13, 2026, Triton, acting on behalf of Stellar, transmitted UCC lien notices to nine (9) entities identified as account debtors and/or third-party payors believed to be conducting business with the Debtor and/or the Guarantor. The recipients of the UCC lien notices included Aetna, American Express Travel Company Services Inc., Anthem-Elevance-BCBS, Authorize.Net, Cigna, Echo Health, Stripe, United Healthcare Services, and Worldpay. The notices were transmitted through the method deemed appropriate for each recipient, including, where applicable, service upon a registered agent, electronic mail, facsimile transmission, and/or submission through an online portal maintained by the recipient.

12.     For example, the UCC lien notice directed to Cigna was transmitted via electronic mail to Russo & Gould LLP, a law firm that serves as Triton's point of contact with respect to UCC lien matters involving Cigna. To the best of my knowledge, Triton has consistently transmitted UCC lien notices involving Cigna to this same email address for several years as part of its ordinary business practices.

13.     On or about March 17, 2026, bankruptcy counsel for the Debtor and Guarantor transmitted an email to a Triton representative advising that a bankruptcy petition had been filed on March 16, 2026, and attached a copy of the bankruptcy notice. Upon receipt of that notification, Triton immediately deactivated the file from active collection efforts and transferred the account to its bankruptcy queue for handling in accordance with its standard business procedures. That same day, I contacted Rebecca Grow, Esq., counsel for the Debtor and Guarantor in the bankruptcy proceeding, by phone, to discuss the matter.

14.     Additionally, on March 17, 2026, I personally directed Triton's staff to retract any

3

outstanding UCC lien notices previously transmitted in connection with this account, as to the Debtor and the Guarantor, as a result of the Debtor's bankruptcy filing. Subsequently, Triton issued nine (9) bankruptcy release letters to each of the nine (9) recipients of the UCC lien notices, via the same method of communication by which the UCC lien notices were issued. True and accurate copies of each of the issued bankruptcy release letters are attached hereto as **Exhibit 1** and incorporated herein by reference.

15. On or about March 24, 2026, I received correspondence from Lydia Carpenter— also Debtor's counsel—alleging that Triton was diverting funds in violation of the automatic stay. Thereafter, on March 26, 2026, I received a follow-up email from Debtor's counsel stating that sanctions would be sought if a response was not provided by 12:00 p.m. EST that day. Upon reviewing the correspondence, I discovered that the March 24, 2026 email had been routed to my spam folder. I responded that same morning and provided Debtor's counsel with a copy of the UCC lien release that had previously been issued to all nine (9) entities identified as account debtors and/or third-party payors believed to be conducting business with the Debtor and/or the Guarantor. In my response, I advised, in pertinent part: "As per our conversation, UCC lien releases were sent out on 3/17/26 to all the ARs that had received a UCC lien. I've attached a copy for your records." At that time, my understanding of the Debtor's allegations was that Triton was purportedly diverting funds notwithstanding the bankruptcy filing; however, as reflected in the correspondence and release documentation, Triton had already directed that the UCC lien notices be retracted promptly upon receiving notice of the bankruptcy proceeding. A true and accurate copy of the March 24, 2026 and March 26, 2026 correspondence between myself and counsel for the Debtor is attached to the Emergency Motion as Exhibit F and is incorporated herein by reference.

16. Following my March 26, 2026 response and transmission of the UCC lien release documentation, neither I nor, to the best of my knowledge, anyone at Triton received any further communication alleging that the UCC lien releases had not been issued, that any release request had not been handled, or that Triton had failed to take any action necessary to comply with the bankruptcy filing.

17. On June 4, 2026, at approximately 9:15 p.m. EST, I received an email from Debtor's counsel attaching the Emergency Motion and related filings. The correspondence alleged, among other things, that Triton had engaged in ongoing violations of the automatic stay.

18. On June 5, 2026, at approximately 10:01 a.m. EST, I responded to Debtor's counsel and advised that, upon receiving notice of the bankruptcy filing, Triton transmitted the appropriate bankruptcy-related releases to the recipients that had previously received UCC lien notices. I further advised that I had no objection to executing an affidavit under oath attesting to the fact that no funds were deposited by Triton in connection with the March 13, 2026 UCC lien notices. A true and accurate copy of this correspondence is attached hereto as **Exhibit 2** and is incorporated herein by reference.

19. Thereafter, Debtor's counsel advised that Evernorth Health Services, ("Evernorth") had allegedly been remitting payments to Triton. (Exhibit 2). Prior to receiving the Emergency Motion, I was not aware that Evernorth was affiliated with or operating in connection with Cigna.

20. Upon reviewing Exhibit H attached to the Emergency Motion, it appeared that a check had been made payable to Triton and, according to the Emergency Motion, that check was issued by Evernorth. Exhibit H further reflects that the check had not been deposited or negotiated by Triton. To the best of my knowledge, Triton was not aware of the existence of the check set forth in Exhibit H, or any other checks referenced in the Emergency Motion, until receipt of the

5

Emergency Motion and supporting documentation.

21.     In our June 5, 2026 correspondence, Debtor's counsel provided copies of additional claims that Evernorth purportedly paid to Triton post-petition. Upon my review of these additional claims, it similarly appeared that the purported checks sent to Triton had not been deposited.

22.     In an effort to ensure complete transparency and to further investigate the allegations raised in the Emergency Motion, I provided copies of the relevant correspondence, including the associated timestamps, to the third parties that had received the UCC lien notices and subsequent release communications. (Exhibit 2). With respect to Cigna, the March 13, 2026 UCC lien notice was directed to Cigna Health Insurance and transmitted at approximately 12:20 p.m. EST to khorbatiuk@russogould.com, cosorio@russogould.com, tvaish@russogould.com, and abaker@russogould.com. To the best of my knowledge, Triton did not receive any response or acknowledgment from Russo & Gould regarding that communication. I also provided a copy of the subsequent email transmitted to the same individuals on March 17, 2026, at approximately 4:39 p.m. EST, which advised of the bankruptcy filing and the release of the UCC lien notice. To the best of my knowledge, Triton likewise did not receive any response or acknowledgment to that communication. A true and accurate copy of the correspondence with Cigna is attached hereto as **Exhibit 3** and is incorporated herein by reference.

23.     To the best of my knowledge, Russo & Gould has been Triton's primary point of contact for matters related to Cigna for approximately three (3) years. Triton has sent numerous UCC lien notices and subsequent release communications in the same manner that the UCC lien notice and subsequent bankruptcy release letter was transmitted in this case. With respect to these communications with Russo & Gould, it has been ordinary practice for Russo & Gould not to respond to Triton unless a known issue arises,

6

24. Following additional correspondence with Debtor's counsel, I contacted Triton's accounting department on or about June 5, 2026, to further investigate the allegations raised in the Emergency Motion. Based upon my review and discussions with the accounting department, I confirmed that checks had been issued by Cigna and subsequently received by Triton on or about May 18, 2026, and informed Debtor's counsel of the same. (Exhibit 2). I further provided Debtor's counsel with the issuance date of each check received and the amount of each check received. (Exhibit 2). The checks received by Triton on May 18, 2026, included checks dated May 8, 2026 in the amounts of $57.00, $330.00, $273.00, $96.00, $32.00, and $155.70; checks dated May 9, 2026 in the amounts of $1,319.00, $860.00, and $1,056.00; and a check in the amount of $111.00 bearing a service date of May 9, 2026 and a check date of May 29, 2026. Upon further investigation, Triton discovered that the aforementioned checks were received in two (2) envelopes, which, upon information and belief, were sent directly by Cigna to Triton. To the best of my knowledge, as it relates to this Debtor and Guarantor, Triton has never received anything bearing the name "Evernorth." At the time I conducted my review, Triton had not deposited, negotiated, or otherwise utilized any of the foregoing checks.

25. Triton did not request that such checks be issued post-petition, nor did Triton direct any third party to continue remitting funds after receiving notice of the bankruptcy filing and subsequently issuing bankruptcy release letters on March 17, 2026. Based upon the information available to me, Triton did not retain any funds associated with the checks at issue.

26. Pursuant to Triton's established policies and procedures, checks associated with accounts subject to bankruptcy proceedings are not deposited or negotiated. Following Triton's monthly remittance review process, which generally occurs between the 5th and 9th day of the *subsequent* month, such checks are reviewed and returned to the issuing payor together with notice

7

of the applicable bankruptcy filing. Up to and until Triton's receipt of the Emergency Motion on Juen 4, 2026, the checks received by Triton on or about May 18, 2026, were, at all times, being handled in accordance with those procedures, which are part of Triton's ordinary course business practices.

27.     On June 8, 2026, after I advised Debtor's counsel of the checks that had been received by Triton as of that date, Debtor's counsel instructed Triton to "endorse all checks in [Triton's] possession payable to" the Debtor and send the checks via overnight delivery to the Debtor's address in Raleigh, North Carolina. (Exhibit 2). Triton was taking steps to comply with Debtor's counsel's request when, at the June 9, 2026 hearing on the Emergency Motion, counsel for Triton and Debtor's counsel agreed to have Triton deposit the sum of the May 18, 2026 checks and wire that amount to the Debtor directly. On or about June 11, 2026, Triton deposited the May 18, 2026 checks and wired the sum of the same to the Debtor. A true and accurate copy of the confirmation of the wire transfer is attached hereto as **Exhibit 4** and is incorporated herein by reference.

28.     In my ongoing investigation and oversight of the matter, I discovered that Triton received eighteen (18) additional checks on June 12, 2026. The checks received by Triton on June 12, 2026, included checks dated April 22, 2026 in the amounts of $55.80, $99.90, $113.00, $1,234.00, $84.00, $27.00, $62.00, $126.00, 62.00, $42.00, $37.00, $46.50, $32.00, $55.00, $111.00, $30.00, $37.00, and $37.00. Triton did not request any of the foregoing checks post-petition, nor has Triton deposited, negotiated, or otherwise utilized any of the June 12, 2026 checks—pending further instruction from Debtor's counsel, in accordance with the Court's Order entered June 9, 2026 [Dkt. 102].

29.     Throughout Triton's involvement in this matter, Triton acted promptly upon

8

receiving notice of the bankruptcy filing and communicated with bankruptcy counsel regarding the actions taken in response thereto. As set forth above, Triton transmitted release communications upon learning of the bankruptcy, provided copies of those communications to Debtor's counsel, and disclosed the existence of the checks upon becoming aware of them. The checks identified herein were received by Triton less than two weeks prior to the filing of the Emergency Motion and were neither deposited nor negotiated. Prior to the filing of the Emergency Motion, neither I nor, to the best of my knowledge, anyone at Triton was contacted regarding the existence of the checks or advised that any additional action was required with respect to them.

Executed on the 18th day of June, 2026.

Erica Gilerman, Esq.

9

# EXHIBIT 1

 Outlook

---

### Re: UCC LIEN: THREE OAKS BEHAVIORAL HEALTH & WELLNESS / HALL, CASIE LORRAINE Account # 2026-2118

---

**From** Restraint Department <UCC@tritonrecoveryllc.com>

**Date** Tue 03/17/2026 4:39 PM

**To** UHC Garnishments <uhc_garnishments@uhc.com>

📎 1 attachment (199 KB)

BANKRUPTCY FULL RELEASE LETTER - THREE OAKS BEHAVIORAL HEALTH & WELLNESS.pdf;

Good Afternoon,

Please be aware that THREE OAKS BEHAVIORAL HEALTH & WELLNESS has filed for Bankruptcy.

See attached release.

## Restraint Department
UCC LIEN ENFORCEMENT

(844) 727-3863
ucc@tritonrecoveryllc.com
www.tritonrecoveryllc.com
3111 N University Dr, Suite 702, Coral Springs, FL 33065



TRITON
RECOVERY GROUP

This communication is from a debt collector in an attempt to collect a debt. Any information obtained will be used for that purpose. NC Permit #523079241

---

**From:** Restraint Department <UCC@tritonrecoveryllc.com>
**Sent:** Friday, March 13, 2026 12:20 PM
**To:** UHC Garnishments <uhc_garnishments@uhc.com>
**Subject:** UCC LIEN: THREE OAKS BEHAVIORAL HEALTH & WELLNESS / HALL, CASIE LORRAINE Account # 2026-2118

To Whom It May Concern:

Please be advised that Triton Recovery has been retained to collect on a debt owed to our client **STELLAR CAPITAL LLC**, ("Client"). This collection effort is in accordance with the applicable provisions under the Uniform Commercial Code, including, but not limited to, UCC § 9-404, 9-406, and 9-607.

It has come to our attention that **UNITED HEALTHCARE SERVICES** has been conducting business with **THREE OAKS BEHAVIORAL HEALTH & WELLNESS / HALL, CASIE LORRAINE** (the "Merchant"), located at **500 E Davie St Ste 140, Raleigh, NC 27601** and funds may be due.

Attached please find our client's perfected UCC-1 Financing Statement, together with the Redacted Contract, Power of Attorney ("POA") and/or Certificate of Authority to Act ("Certificate") and/or Letter of Representation ("LOR"), as applicable. These documents are provided in support of our client's perfected security interest and pursuant to the outstanding debt owed to our client.

Please be advised that, in the event a bankruptcy proceeding has been filed, this correspondence is intended solely as an attempt to collect information and is not an attempt to collect a debt.

Should you have any questions or concerns, please do not hesitate to contact us.

## Restraint Department
### UCC LIEN ENFORCEMENT

(844) 727-3863

ucc@tritonrecoveryllc.com

www.tritonrecoveryllc.com

3111 N University Dr, Suite 702, Coral Springs, FL 33065



**TRITON**
RECOVERY GROUP

This communication is from a debt collector in an attempt to collect a debt. Any information obtained will be used for that purpose. NC Permit #523079241

6/5/26, 1:15 PM    Re: UCC LIEN: THREE OAKS BEHAVIORAL HEALTH & WELLNESS / HALL, CASIE LORRAINE Account # 2026-2118 - Restraint D…

Case 26-01207-EJNC   Doc 119   Filed 06/18/26   Entered 06/18/26 21:31:40   Page 12 of 42

 Outlook

---

## Re: UCC LIEN: THREE OAKS BEHAVIORAL HEALTH & WELLNESS / HALL, CASIE LORRAINE Account # 2026-2118

---

**From** Restraint Department <UCC@tritonrecoveryllc.com>

**Date** Tue 03/17/2026 4:38 PM

**To** Liens <liens@echohealthinc.com>

📎 1 attachment (199 KB)

BANKRUPTCY FULL RELEASE LETTER - THREE OAKS BEHAVIORAL HEALTH & WELLNESS.pdf;

Good Afternoon,

Please be aware that THREE OAKS BEHAVIORAL HEALTH & WELLNESS has filed for Bankruptcy.

See attached release.

## Restraint Department
UCC LIEN ENFORCEMENT

(844) 727-3863
ucc@tritonrecoveryllc.com
www.tritonrecoveryllc.com
3111 N University Dr, Suite 702, Coral Springs, FL 33065



**TRITON**
RECOVERY GROUP

This communication is from a debt collector in an attempt to collect a debt. Any information obtained will be used for that purpose. NC Permit #523079241

**From:** Liens <liens@echohealthinc.com>
**Sent:** Monday, March 16, 2026 12:43 PM
**To:** Restraint Department <UCC@tritonrecoveryllc.com>
**Subject:** UCC LIEN: THREE OAKS BEHAVIORAL HEALTH & WELLNESS / HALL, CASIE LORRAINE Account # 2026-2118

We have received papers asserting a lien over this TIN. We are a payment processing company and not the originator of the payments. ECHO processes payments in the ordinary course as they are received. ECHO does not know when claims and funds will be sent to it for processing from the payor until they are received. ECHO does not provide updates on amounts in process. Please provide a release of the lien once the amount liened is paid in full or once a resolution is reached.

On Mar 13, 2026 at 12:15 PM, Restraint Department wrote:

Mimecast Attachment Protection has deemed this file to be safe, but always exercise caution when opening files.

**CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.**

6/5/26, 1:15 PM    UCC LIEN THREE OAKS BEHAVIORAL HEALTH & WELLNESS / HALL, CASIE LORRAINE Account #26-01207 - Restraint D…

Case 26-01207-5-JNC   Doc 119   Filed 06/18/26   Entered 06/18/26 21:31:40   Page 13 of 42

To Whom It May Concern:

Please be advised that Triton Recovery has been retained to collect on a debt owed to our client **STELLAR CAPITAL LLC**, ("Client"). This collection effort is in accordance with the applicable provisions under the Uniform Commercial Code, including, but not limited to, UCC § 9-404, 9-406, and 9-607.

It has come to our attention that **ECHO HEALTH INC** has been conducting business with **THREE OAKS BEHAVIORAL HEALTH & WELLNESS / HALL, CASIE LORRAINE** (the "Merchant"), located at **500 E Davie St Ste 140, Raleigh, NC 27601** and funds may be due.

Attached please find our client's perfected UCC-1 Financing Statement, together with the Redacted Contract, Power of Attorney ("POA") and/or Certificate of Authority to Act ("Certificate") and/or Letter of Representation ("LOR"), as applicable. These documents are provided in support of our client's perfected security interest and pursuant to the outstanding debt owed to our client.

Please be advised that, in the event a bankruptcy proceeding has been filed, this correspondence is intended solely as an attempt to collect information and is not an attempt to collect a debt.

Should you have any questions or concerns, please do not hesitate to contact us.



## Restraint Department
UCC LIEN ENFORCEMENT

(844) 727-3863
ucc@tritonrecoveryllc.com
www.tritonrecoveryllc.com
3111 N University Dr, Suite 702, Coral Springs, FL 33065

TRITON
RECOVERY GROUP

This communication is from a debt collector in an attempt to collect a debt. Any information obtained will be used for that purpose. NC Permit #523079241

**Attachments**
- We-sent-you-safe-versions-of-your-files.eml (32.39 KB)
- ECHO-HEALTH-INC-THREE-OAKS-BEHAVIORAL-HEALTH-WELLNESS.pdf (1022.18 KB)
- 2-STELLAR-CAPITAL-POWER-OF-ATTORNEY.pdf (1.31 MB)
- 3-UCC-Filing-Three-Oaks-.pdf (66.91 KB)
- 4-CONTRACT.pdf (644.06 KB)

ECHO Health Inc. ·

6/5/26, 1:15 PM  SCHMI — RE: LIEN THREE DAYS BEHAVIORAL HEALTH & WELLNESS — HALL, CASIE LORRAINE — Account #2026-218 — Restraint D…

Case 26-01207-EJNC  Doc 119  Filed 06/18/26  Entered 06/18/26 21:31:40  Page 14 of 42

## Disclaimer

This email and any attachments are provided for the sole use of the intended recipient(s), and may contain information that is confidential, proprietary, or otherwise protected by the law. If you are not the intended recipient of the message, you are not authorized to read, print, retain, copy, disclose, forward or otherwise disseminate this message or any part of it. If you have received this email in error, please notify the sender immediately by reply email and destroy all copies of the original communication.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast Ltd.



# TRITON
## RECOVERY GROUP

**3/17/2026**

**TO: STRIPE**

**RE: STELLAR CAPITAL LLC -v- THREE OAKS BEHAVIORAL HEALTH & WELLNESS**

**THREE OAKS BEHAVIORAL HEALTH & WELLNESS**
**TAX ID: 82-3430191**
**CASIE HALL**
**SSN: XXX-XX-4401**

To Whom It May Concern:

Please release any and all restraints placed pursuant to the above-referenced service, as the debtor has filed for bankruptcy.

Feel free to contact (844) 727-3863 with any questions or concerns you may have.

Sincerely,

**Leopoldo Vargas**
Chief Executive Officer
Triton Recovery LLC

 **Outlook**

### Re: Release request received - reference casef_UAPGe9tg6NqWNZ

**From** llg-notices@stripe.com <llg-notices@stripe.com>

**Date** Wed 03/18/2026 5:12 AM

**To** Restraint Department <UCC@tritonrecoveryllc.com>

Hello,

Thank you for the update.

We acknowledge receipt of the release.

Best,
Stripe

On March 18, 2026 at 2:13 AM GMT+5:30 llg-notices@stripe.com wrote:

## stripe

Hello,

We have registered your request to apply a release for merchant "THREE OAKS BEHAVIORAL HEALTH & WELLNESS" on 2026-03-17, with case reference **casef_UAPGe9tg6NqWNZ**.

We have received the following documents:

- BANKRUPTCY FULL RELEASE LETTER - THREE OAKS BEHAVIORAL HEALTH & WELLNESS - STRIPE.pdf

We will analyze your request and respond as soon as possible.

To submit a release please visit **our support site**

If you did not make this request, please let us know at **llg-notices@stripe.com**.

To follow up on this request at any point, respond to this email.

— The Stripe Legal team

Stripe, 354 Oyster Point Blvd, South San Francisco, CA 94080

 Outlook

---

## Re: UCC LIEN: THREE OAKS BEHAVIORAL HEALTH & WELLNESS / HALL, CASIE LORRAINE Account # 2026-2118

---

**From** Restraint Department <UCC@tritonrecoveryllc.com>

**Date** Tue 03/17/2026 4:39 PM

**To** Kevin G. Horbatiuk <khorbatiuk@russogould.com>; Christian Osorio <cosorio@russogould.com>; Tashi Vaish <tvaish@russogould.com>; Andrew Baker <abaker@russogould.com>

📎 1 attachment (199 KB)
BANKRUPTCY FULL RELEASE LETTER - THREE OAKS BEHAVIORAL HEALTH & WELLNESS.pdf;

Good Afternoon,

Please be aware that THREE OAKS BEHAVIORAL HEALTH & WELLNESS has filed for Bankruptcy.

See attached release.

**Restraint Department**

UCC LIEN ENFORCEMENT

(844) 727-3863

ucc@tritonrecoveryllc.com

www.tritonrecoveryllc.com

3111 N University Dr, Suite 702, Coral Springs, FL 33065



TRITON
RECOVERY GROUP

This communication is from a debt collector in an attempt to collect a debt. Any information obtained will be used for that purpose. NC Permit #523079241

---

**From:** Restraint Department <UCC@tritonrecoveryllc.com>
**Sent:** Friday, March 13, 2026 12:20 PM
**To:** Kevin G. Horbatiuk <khorbatiuk@russogould.com>; Christian Osorio <cosorio@russogould.com>; Tashi Vaish <tvaish@russogould.com>; Andrew Baker <abaker@russogould.com>
**Subject:** UCC LIEN: THREE OAKS BEHAVIORAL HEALTH & WELLNESS / HALL, CASIE LORRAINE Account # 2026-2118

To Whom It May Concern:

Please be advised that Triton Recovery has been retained to collect on a debt owed to our client **STELLAR CAPITAL LLC**, ("Client"). This collection effort is in accordance with the applicable provisions under the Uniform Commercial Code, including, but not limited to, UCC § 9-404, 9-406, and 9-607.

It has come to our attention that **CIGNA HEALTH INSURANCE** has been conducting business with **THREE OAKS BEHAVIORAL HEALTH & WELLNESS / HALL, CASIE LORRAINE** (the

"Merchant"), located at **500 E Davie St Ste 140, Raleigh, NC 27601** and funds may be due.

Attached please find our client's perfected UCC-1 Financing Statement, together with the Redacted Contract, Power of Attorney ("POA") and/or Certificate of Authority to Act ("Certificate") and/or Letter of Representation ("LOR"), as applicable. These documents are provided in support of our client's perfected security interest and pursuant to the outstanding debt owed to our client.

Please be advised that, in the event a bankruptcy proceeding has been filed, this correspondence is intended solely as an attempt to collect information and is not an attempt to collect a debt.

Should you have any questions or concerns, please do not hesitate to contact us.

## Restraint Department

UCC LIEN ENFORCEMENT

(844) 727-3863

ucc@tritonrecoveryllc.com

www.tritonrecoveryllc.com

3111 N University Dr, Suite 702, Coral Springs, FL 33065



TRITON
RECOVERY GROUP

This communication is from a debt collector in an attempt to collect a debt. Any information obtained will be used for that purpose. NC Permit #523079241



**3/17/2026**

**RE: STELLAR CAPITAL LLC -v- THREE OAKS BEHAVIORAL HEALTH & WELLNESS**

**THREE OAKS BEHAVIORAL HEALTH & WELLNESS**
**TAX ID: 82-3430191**
**CASIE HALL**
**SSN: XXX-XX-4401**

To Whom It May Concern:

Please release any and all restraints placed pursuant to the above-referenced service, as the debtor has filed for bankruptcy.

Feel free to contact (844) 727-3863 with any questions or concerns you may have.

Sincerely,

**Leopoldo Vargas**
Chief Executive Officer
Triton Recovery LLC

3111 N UNIVERSITY DR, STE 702, CORAL SPRINGS, FL 33065        TRITONRECOVERYGROUP.COM        844-727-3863

 Outlook

---

## Re: UCC LIEN: THREE OAKS BEHAVIORAL HEALTH & WELLNESS / HALL, CASIE LORRAINE Account # 2026-2118

---

**From** Restraint Department <UCC@tritonrecoveryllc.com>
**Date** Tue 03/17/2026 4:38 PM
**To** AUTHORIZE.NET <risk@authorize.net>

📎 1 attachment (199 KB)
BANKRUPTCY FULL RELEASE LETTER - THREE OAKS BEHAVIORAL HEALTH & WELLNESS.pdf;

Good Afternoon,

Please be aware that THREE OAKS BEHAVIORAL HEALTH & WELLNESS has filed for Bankruptcy.

See attached release.



# Restraint Department

UCC LIEN ENFORCEMENT

(844) 727-3863
ucc@tritonrecoveryllc.com
www.tritonrecoveryllc.com
3111 N University Dr, Suite 702, Coral Springs, FL 33065

TRITON
RECOVERY GROUP

This communication is from a debt collector in an attempt to collect a debt. Any information obtained will be used for that purpose. NC Permit #523079241

---

**From:** Restraint Department <UCC@tritonrecoveryllc.com>
**Sent:** Friday, March 13, 2026 12:20 PM
**To:** AUTHORIZE.NET <risk@authorize.net>
**Subject:** UCC LIEN: THREE OAKS BEHAVIORAL HEALTH & WELLNESS / HALL, CASIE LORRAINE Account # 2026-2118

To Whom It May Concern:

Please be advised that Triton Recovery has been retained to collect on a debt owed to our client **STELLAR CAPITAL LLC**, ("Client"). This collection effort is in accordance with the applicable provisions under the Uniform Commercial Code, including, but not limited to, UCC § 9-404, 9-406, and 9-607.

It has come to our attention that **AUTHORIZE.NET** has been conducting business with **THREE OAKS BEHAVIORAL HEALTH & WELLNESS / HALL, CASIE LORRAINE** (the "Merchant"), located at **500 E Davie St Ste 140, Raleigh, NC 27601** and funds may be due.

Attached please find our client's perfected UCC-1 Financing Statement, together with the Redacted Contract, Power of Attorney ("POA") and/or Certificate of Authority to Act ("Certificate") and/or Letter of Representation ("LOR"), as applicable. These documents are provided in support of our client's perfected security interest and pursuant to the outstanding debt owed to our client.

Please be advised that, in the event a bankruptcy proceeding has been filed, this correspondence is intended solely as an attempt to collect information and is not an attempt to collect a debt.

Should you have any questions or concerns, please do not hesitate to contact us.

## Restraint Department

UCC LIEN ENFORCEMENT

(844) 727-3863

ucc@tritonrecoveryllc.com

www.tritonrecoveryllc.com

3111 N University Dr, Suite 702, Coral Springs, FL 33065



**TRITON**
RECOVERY GROUP

This communication is from a debt collector in an attempt to collect a debt. Any information obtained will be used for that purpose. NC Permit #523079241

 Outlook

---

## Re: UCC LIEN: THREE OAKS BEHAVIORAL HEALTH & WELLNESS / HALL, CASIE LORRAINE Account # 2026-2118

---

**From** Restraint Department <UCC@tritonrecoveryllc.com>

**Date** Tue 03/17/2026 4:38 PM

**To** Naylor, Laurie A <naylorl@aetna.com>; Zysk, Kate E <zyskk@aetna.com>

📎 1 attachment (199 KB)
BANKRUPTCY FULL RELEASE LETTER - THREE OAKS BEHAVIORAL HEALTH & WELLNESS.pdf;

Good Afternoon,

Please be aware that THREE OAKS BEHAVIORAL HEALTH & WELLNESS has filed for Bankruptcy.

See attached release.

# Restraint Department

UCC LIEN ENFORCEMENT

(844) 727-3863
ucc@tritonrecoveryllc.com
www.tritonrecoveryllc.com
3111 N University Dr, Suite 702, Coral Springs, FL 33065



TRITON
RECOVERY GROUP

This communication is from a debt collector in an attempt to collect a debt. Any information obtained will be used for that purpose. NC Permit #523079241

---

**From:** Restraint Department <UCC@tritonrecoveryllc.com>
**Sent:** Friday, March 13, 2026 12:20 PM
**To:** Naylor, Laurie A <naylorl@aetna.com>; Zysk, Kate E <zyskk@aetna.com>
**Subject:** UCC LIEN: THREE OAKS BEHAVIORAL HEALTH & WELLNESS / HALL, CASIE LORRAINE Account # 2026-2118

To Whom It May Concern:

Please be advised that Triton Recovery has been retained to collect on a debt owed to our client **STELLAR CAPITAL LLC**, ("Client"). This collection effort is in accordance with the applicable provisions under the Uniform Commercial Code, including, but not limited to, UCC § 9-404, 9-406, and 9-607.

It has come to our attention that **AETNA HEALTH INC** has been conducting business with **THREE OAKS BEHAVIORAL HEALTH & WELLNESS / HALL, CASIE LORRAINE** (the "Merchant"), located at **500 E Davie St Ste 140, Raleigh, NC 27601** and funds may be due.

Attached please find our client's perfected UCC-1 Financing Statement, together with the Redacted Contract, Power of Attorney ("POA") and/or Certificate of Authority to Act ("Certificate") and/or Letter of Representation ("LOR"), as applicable. These documents are provided in support of our client's perfected security interest and pursuant to the outstanding debt owed to our client.

Please be advised that, in the event a bankruptcy proceeding has been filed, this correspondence is intended solely as an attempt to collect information and is not an attempt to collect a debt.

Should you have any questions or concerns, please do not hesitate to contact us.

## Restraint Department
UCC LIEN ENFORCEMENT

(844) 727-3863
ucc@tritonrecoveryllc.com
www.tritonrecoveryllc.com
3111 N University Dr, Suite 702, Coral Springs, FL 33065



**TRITON**
RECOVERY GROUP

This communication is from a debt collector in an attempt to collect a debt. Any information obtained will be used for that purpose. NC Permit #523079241

Case 26-01207-5-JNC    Doc 119    Filed 06/18/26    Entered 06/18/26 21:31:40    Page 25 of 42

 Outlook

---

## Re: UCC LIEN: THREE OAKS BEHAVIORAL HEALTH & WELLNESS / HALL, CASIE LORRAINE Account # 2026-2118

---

**From** Restraint Department <UCC@tritonrecoveryllc.com>

**Date** Tue 03/17/2026 4:39 PM

**To** CDLEVY <cdlevy@elevancehealth.com>

**Cc** Shelby Bryant (sbryant@fbtlaw.com) <sbryant@fbtlaw.com>; Klein, Joseph <joseph.klein@elevancehealth.com>; Kleisinger, Joy D. <jkleisinger@fbtlaw.com>; Tetzlaff, Jennifer <jennifer.tetzlaff@elevancehealth.com>

📎 1 attachment (199 KB)
BANKRUPTCY FULL RELEASE LETTER - THREE OAKS BEHAVIORAL HEALTH & WELLNESS.pdf;

Good Afternoon,

Please be aware that THREE OAKS BEHAVIORAL HEALTH & WELLNESS has filed for Bankruptcy.

See attached release.



**Restraint Department**

UCC LIEN ENFORCEMENT

(844) 727-3863
ucc@tritonrecoveryllc.com
www.tritonrecoveryllc.com
3111 N University Dr, Suite 702, Coral Springs, FL 33065

TRITON
RECOVERY GROUP

This communication is from a debt collector in an attempt to collect a debt. Any information obtained will be used for that purpose. NC Permit #523079241

---

**From:** CDLEVY <CDLEVY@elevancehealth.com>
**Sent:** Tuesday, March 17, 2026 2:45 PM
**To:** Restraint Department <UCC@tritonrecoveryllc.com>
**Cc:** Shelby Bryant (sbryant@fbtlaw.com) <sbryant@fbtlaw.com>; Klein, Joseph <joseph.klein@elevancehealth.com>; Kleisinger, Joy D. <jkleisinger@fbtlaw.com>; Tetzlaff, Jennifer <jennifer.tetzlaff@elevancehealth.com>
**Subject:** FW: UCC LIEN: THREE OAKS BEHAVIORAL HEALTH & WELLNESS / HALL, CASIE LORRAINE Account # 2026-2118





This is a secure eMail

Click here by 2026-06-15 11:45 PDT to login and read your message.

**Please note:**
If the email includes a password protected attachment, this password will be different than the login to the Secure email Portal. The protected attachment password is provided by the sender in an alternative communication method (i.e, phone, fax, text if consent provided)

If you need assistance using Secure eMail, please call 1-866-755-2680

If you are a broker in need of assistance using Secure eMail, please call 1-888-268-4361

If you want to initiate a new secure eMail, click on Initiate New Secure eMail

More Info

**Disclaimer**: This email and its content are confidential and intended solely for the use of the addressee. Please notify the sender if you have received this email in error or simply delete it.

Secured by Proofpoint Encryption, Copyright © 2009-2025 Proofpoint, Inc. All rights reserved.

# EXHIBIT 2

786-436-9760
Email: erica@tritonrecoveryllc.com

**LICENSED IN NEW YORK & NEW JERSEY**
*AUTHORIZED HOUSE COUNSEL, FLORIDA, *not a member of the Florida Bar *

*This communication is from a debt collector in an attempt to collect a debt. Any information obtained will be used for that purpose.*

This email contains confidential information that may be privileged or that constitutes attorney work-product. This email communication is confidential and is intended only for the individuals or entities named above. If you are not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, any review, dissemination, distribution or duplication of this communication is strictly prohibited. Please notify the sender immediately that you have received this e-mail in error by reply email or by telephone and do not read, copy, use or disclose the contents of this communication to others.

NC Permit #523079241

---

**From:** Lydia Carpenter <lcarpenter@hendrenmalone.com>
**Sent:** Monday, June 8, 2026 11:11:17 AM
**To:** Erica Gilerman <erica@tritonrecoveryllc.com>
**Cc:** Jenny Gorman <jgorman@hendrenmalone.com>; Leo Vargas <leo@tritonrecoveryllc.com>; Carlos Gomez <carlos@tritonrecoveryllc.com>
**Subject:** RE: Emergency Motion to Enforce Automatic Stay/Show Cause/Contempt and Sanctions

Erica,

Our client has continued to investigate and has identified multiple checks (*in addition to the checks identified in your email below that are in your possession*) that were issued to Triton post-petition. Please continue to investigate this issue, and please send me notice via email when you identify additional checks that are in your possession. I am confident there are more.

Please endorse any and all checks in your possession payable to: Three Oaks Behavioral Health & Wellness, PLLC, and overnight them via FedEx or other express mail service to the following address. Please send a copy of the tracking information and proof of issuance to me via email.

Three Oaks Behavioral Health & Wellness, PLLC
Attn: Casie Hall
3748 Lassiter Mill Rd.
Raleigh, NC 27609

Further, in response to your request to identify Triton's conduct that constitutes a violation of the automatic stay: the case law on this issue is clear- a creditor violates the stay willfully when it has knowledge of the bankruptcy and it fails action to prevent the continuation of the collection process. The case law clearly establishes that when a creditor sets a garnishment in motion, it is responsible for what happens thereafter- the creditor must take the necessary steps to **effectively** cease the garnishment. Simply issuing a release to a third-party law firm (*not to Evernorth/Cigna*) and stepping back and saying you could do nothing further is insufficient. Triton set the lien hold in motion and at all times had an affirmative duty to take necessary action to prevent the continuation of collection from the Debtor.

I will entertain any settlement offers you wish to make in advance of tomorrow's hearing; otherwise, we will proceed with our motion tomorrow.

Lydia C. Carpenter

2

Hendren, Redwine & Malone, PLLC
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
(919) 573-1417 (direct)
(919) 420-0475 (fax)
www.hendrenmalone.com

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

PRIVILEGED AND CONFIDENTIAL: This electronic message and any attachments are confidential property of the sender. The information is intended only for the use of the person to whom it was addressed. Any other interception, copying, accessing, or disclosure of this message is prohibited. The sender takes no responsibility for any unauthorized reliance on this message. If you have received this message in error, please immediately notify the sender and purge the message you received. Do not forward this message without permission.

**From:** Erica Gilerman <erica@tritonrecoveryllc.com>
**Sent:** Friday, June 5, 2026 4:12 PM
**To:** Lydia Carpenter <lcarpenter@hendrenmalone.com>
**Cc:** Jenny Gorman <jgorman@hendrenmalone.com>; Leo Vargas <leo@tritonrecoveryllc.com>; Carlos Gomez <carlos@tritonrecoveryllc.com>
**Subject:** Re: Emergency Motion to Enforce Automatic Stay/Show Cause/Contempt and Sanctions

Having now reviewed the evidence attached to your motion and compared it against the documentary evidence already provided by Triton, I believe the record demonstrates that Triton did not violate the automatic stay.

The evidence reflects that checks were issued and subsequently received by Triton. Triton did not request that these checks be issued, nor did it direct any party to continue remitting funds after notice of the bankruptcy filing. Upon receipt, the checks were handled in accordance with Triton's established company guidelines for bankruptcy matters and are in the process of being returned to Cigna. At no time were the checks deposited, negotiated, or otherwise used by Triton. Accordingly, the evidence demonstrates that Triton did not exercise control over estate property and did not retain any bankruptcy estate assets.

Further, I previously provided documentation establishing that bankruptcy release notices were transmitted on March 17, 2026, immediately after Triton received notice of the bankruptcy proceeding. Triton took prompt action upon learning of the filing, did not direct any party to issue checks after the bankruptcy filing, did not direct any party to continue remitting funds after receiving notice of the bankruptcy and did not deposit any bankruptcy estate assets.

With respect to Cigna, Russo & Gould serves as Triton's designated point of contact in connection with UCC lien notices and related communications.  As the attached communications demonstrate, Triton never served EverNorth directly. More importantly, no representative from Russo & Gould ever advised Triton that a hold had been placed, nor did any representative acknowledge receipt or processing of

3

Triton's release notices. The entirety of Triton's communications with representatives associated with Cigna has been provided. The record establishes that Triton transmitted the releases. Any subsequent actions taken by third parties were outside Triton's control and authority.

As to your inquiry regarding the checks, I spoke with our accounting department and was advised that two envelopes were received on May 18, 2026.

The first envelope contained what was identified as a replacement check in the amount of $1,056.00 bearing an original issuance date of April 15, 2026, along with two additional checks in the amounts of $860.00 and $1,319.00 issued on May 8, 2026.

The second envelope contained additional checks issued on May 8, 2026, in the amounts of $330.00, $273.00, $96.00, $32.00, $155.70, and $57.00.

Pursuant to Triton's internal policies and procedures, such checks are not deposited. Following our monthly remittance review period, which occurs between the 5th and 9th of the subsequent month, checks associated with bankruptcy matters are reviewed and returned to the payor with notice of the bankruptcy filing. That process is currently underway and remains fully consistent with Triton's ordinary course procedures.

Notwithstanding the foregoing, in an effort to facilitate a practical resolution, I am willing to coordinate with our accounting department to determine whether these checks can be forwarded directly to your office rather than returned to Cigna. Please advise how you would like Triton to proceed.

At this point, I would respectfully request that you identify the specific conduct by Triton that you contend constitutes a violation of the automatic stay. The record demonstrates that Triton transmitted bankruptcy releases upon receiving notice of the filing, did not direct any party to issue checks, did not deposit any funds, did not retain bankruptcy estate assets, and has taken appropriate steps to address the checks that were subsequently received.

Based on the evidence currently before us, the actions at issue appear to have been taken by third parties, not Triton. If there is evidence establishing otherwise, I would appreciate the opportunity to review it so that this matter can be addressed based upon the actual facts and record.

Please advise.

## Erica Gilerman

CHIEF LEGAL OFFICER

LICENSED IN NEW YORK AND NEW JERSEY

*AUTHORIZED HOUSE COUNSEL, FLORIDA, not a member of the Florida Bar*

(786) 436-9760

erica@tritonrecoveryllc.com

www.tritonrecoveryllc.com



4

3111 N University Dr, Coral Springs, Florida 33065

**TRITON**

RECOVERY GROUP

This communication is from a debt collector in an attempt to collect a debt. Any information obtained will be used for that purpose. NC Permit #523079241

This email contains confidential information that may be privileged or that constitutes attorney work-product. This email communication is confidential and is intended only for the individuals or entities named above. If you are not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, any review, dissemination, distribution or duplication of this communication is strictly prohibited. Please notify the sender immediately that you have received this e-mail in error by reply email or by telephone and do not read, copy, use or disclose the contents of this communication to others.

**From:** Lydia Carpenter <lcarpenter@hendrenmalone.com>
**Sent:** Friday, June 5, 2026 2:52 PM
**To:** Erica Gilerman <erica@tritonrecoveryllc.com>
**Cc:** Jenny Gorman <jgorman@hendrenmalone.com>; Leo Vargas <leo@tritonrecoveryllc.com>; Carlos Gomez <carlos@tritonrecoveryllc.com>
**Subject:** RE: Emergency Motion to Enforce Automatic Stay/Show Cause/Contempt and Sanctions

Erica,

Thank you for sending these releases. First, I disagree with your assessment- the evidence clearly demonstrates that checks were issued to Triton on behalf of Stellar Capital. The Payee Name and Payee Address are undeniable and confirmed by Evernorth. I see from your last email that Triton emailed a release addressed to Cigna to attorneys at Russo & Gould. Do they represent Evernorth/Cigna? Did the attorneys confirm receipt? Do you have proof that those attorneys sent the release to Evernorth/Cigna? Did you receive *any* response or confirmation? Those questions must be answered to determine the severity of a stay violation.

Second, I will take your word for it that Triton has not deposited any checks of the Debtor's and that the Debtor's funds aren't in your bank account. That would be egregious and I believe you that that's not what has happened here. However, what is clear here is that Evernoth mailed checks to Triton. I'll ask again- can you confirm whether Triton has checked the mail? Have you determined whether Triton ever received any checks in the mail? Is there a chance that these checks are sitting in Triton's mailbox or mail room?

As I am sure you can understand, this is an extremely serious issue for the Debtor. Locating those checks and determining the location of Debtor's funds is the top priority. I am always open to resolution without the need for hearing, but I do not agree that ample evidence has been provided to demonstrate that there was not a stay violation here. The evidence supporting our position is attached to our emergency motion and set forth in my correspondence on this thread.

Our most recent filings and the Court's order setting a hearing on this matter are attached here for service, and we will serve them via mail as well.

Lydia C. Carpenter

Hendren, Redwine & Malone, PLLC
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
(919) 573-1417 (direct)
(919) 420-0475 (fax)
www.hendrenmalone.com

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the IRS, we inform you that any

5

U.S. federal tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

PRIVILEGED AND CONFIDENTIAL: This electronic message and any attachments are confidential property of the sender. The information is intended only for the use of the person to whom it was addressed. Any other interception, copying, accessing, or disclosure of this message is prohibited. The sender takes no responsibility for any unauthorized reliance on this message. If you have received this message in error, please immediately notify the sender and purge the message you received. Do not forward this message without permission.

---

**From:** Erica Gilerman <erica@tritonrecoveryllc.com>
**Sent:** Friday, June 5, 2026 2:05 PM
**To:** Lydia Carpenter <lcarpenter@hendrenmalone.com>
**Cc:** Jenny Gorman <jgorman@hendrenmalone.com>; Leo Vargas <leo@tritonrecoveryllc.com>; Carlos Gomez <carlos@tritonrecoveryllc.com>
**Subject:** Re: Emergency Motion to Enforce Automatic Stay/Show Cause/Contempt and Sanctions

I am somewhat confused as to why this motion is continuing to move forward given the information that has now been provided. The records clearly demonstrate that Triton did not receive, deposit, or retain any bankruptcy estate assets. Accordingly, I am struggling to understand the factual basis for continuing to pursue relief against Triton.

For your convenience, I have attached the communications that were sent to the various account vendors and processors immediately upon receiving notice of the bankruptcy filing. These communications confirm that Triton took prompt action to ensure compliance with the automatic stay and to facilitate the release of any restraints that may have existed.

Respectfully, the facts do not support a finding that Triton violated the automatic stay. To the contrary, the documentary evidence demonstrates that releases were issued, no funds were received by Triton, and no action was taken by Triton that would constitute a stay violation. At this juncture, I am struggling to understand the legal or factual basis for continuing to pursue relief against Triton.

I am providing this information in the hope that we can resolve this issue without the need for Triton to retain separate bankruptcy counsel and incur unnecessary fees and expenses. I would respectfully request that you revisit this matter in light of the evidence provided and take the appropriate steps to ensure the record accurately reflects Triton's involvement, or lack thereof.

If there is specific evidence that you believe supports a claim against Triton, I would appreciate the opportunity to review it. Otherwise, based upon the facts currently available, it appears this issue can and should be resolved without further motion practice.

# Erica Gilerman

CHIEF LEGAL OFFICER

LICENSED IN NEW YORK AND NEW JERSEY

*AUTHORIZED HOUSE COUNSEL, FLORIDA, not a member of the Florida Bar*

(786) 436-9760

erica@tritonrecoveryllc.com

www.tritonrecoveryllc.com

3111 N University Dr, Coral Springs, Florida 33065



**TRITON**

RECOVERY GROUP

This communication is from a debt collector in an attempt to collect a debt. Any information obtained will be used for that purpose. NC Permit #523079241

This email contains confidential information that may be privileged or that constitutes attorney work-product. This email communication is confidential and is intended only for the individuals or entities named above. If you are not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, any review, dissemination, distribution or duplication of this communication is strictly prohibited. Please notify the sender immediately that you have received this e-mail in error by reply email or by telephone and do not read, copy, use or disclose the contents of this communication to others.

**From:** Lydia Carpenter <lcarpenter@hendrenmalone.com>
**Sent:** Friday, June 5, 2026 1:26 PM
**To:** Erica Gilerman <erica@tritonrecoveryllc.com>
**Cc:** Jenny Gorman <jgorman@hendrenmalone.com>; Leo Vargas <leo@tritonrecoveryllc.com>; Carlos Gomez <carlos@tritonrecoveryllc.com>
**Subject:** RE: Emergency Motion to Enforce Automatic Stay/Show Cause/Contempt and Sanctions

Erica,

Yes, please send evidence of issuance of the release to all of the entities indicated below. Evernorth has told us that these claims were paid to Triton, as shown in the attachments I sent you. They are investigating internally was well. I will follow-up with Evernorth as to the status of processing of these payments. Based on what we can see in our system, I believe that checks were issued to Triton at the mailing address that is in your signature block. It's unclear to me whether those have been processed. I sincerely hope you will check your mail and find the checks- please investigate this as soon as possible and confirm whether Triton is in possession of these checks.

I am preparing a motion to shorten notice on our emergency motion and understand from the Clerk's office that the Court is setting a hearing on this issue for Tuesday, June 9th at 3:00pm, and will set a response deadline of Tuesday June 9th at noon. I will serve copies of my motion to shorten notice and any orders from the Court on you via email later this afternoon.

Lydia C. Carpenter

7

Hendren, Redwine & Malone, PLLC
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
(919) 573-1417 (direct)
(919) 420-0475 (fax)
www.hendrenmalone.com

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

PRIVILEGED AND CONFIDENTIAL: This electronic message and any attachments are confidential property of the sender. The information is intended only for the use of the person to whom it was addressed. Any other interception, copying, accessing, or disclosure of this message is prohibited. The sender takes no responsibility for any unauthorized reliance on this message. If you have received this message in error, please immediately notify the sender and purge the message you received. Do not forward this message without permission.

**From:** Erica Gilerman <erica@tritonrecoveryllc.com>
**Sent:** Friday, June 5, 2026 1:11 PM
**To:** Lydia Carpenter <lcarpenter@hendrenmalone.com>
**Cc:** Jenny Gorman <jgorman@hendrenmalone.com>; Leo Vargas <leo@tritonrecoveryllc.com>; Carlos Gomez <carlos@tritonrecoveryllc.com>
**Subject:** Re: Emergency Motion to Enforce Automatic Stay/Show Cause/Contempt and Sanctions

I would love to provide you with evidence that Triton had not been paid the funds, but I don't have any evidence to show that as we don't have any payments from anyone.  I'm happy to provide you with a copy of our remittance history to show there are no payments - that's not an issue.

Do you have confirmation the funds had been deposited by Triton from Evernorth? The attachments you sent state the checks weren't deposited (see the "payment cleared section where it states ----). Both examples you sent state the payment has been issued, but not deposited.  The attached letter was sent out to all of the receivables we had served. The list we had served is as follows:

Aetna

American Express Travel Company

8

Anthem - Elevance - BCBS

Authroize.Net

Cigna

Echo Health

Stripe

UHC

Worldpay

The release was sent out on March 17 as well. Do you need copies of the emails? I'm candidly unsure if all of these were done electronically, some may have been through mail. Please advise & I'll get that for you as well.

# Erica Gilerman

CHIEF LEGAL OFFICER

LICENSED IN NEW YORK AND NEW JERSEY

*AUTHORIZED HOUSE COUNSEL, FLORIDA, not a member of the Florida Bar*

(786) 436-9760
erica@tritonrecoveryllc.com
www.tritonrecoveryllc.com
3111 N University Dr, Coral Springs, Florida 33065



## TRITON

RECOVERY GROUP

This communication is from a debt collector in an attempt to collect a debt. Any information obtained will be used for that purpose. NC Permit #523079241

This email contains confidential information that may be privileged or that constitutes attorney work-product. This email communication is confidential and is intended only for the individuals or entities named above. If you are not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, any review, dissemination, distribution or duplication of this communication is strictly prohibited. Please notify the sender immediately that you have received this e-mail in error by reply email or by telephone and do not read, copy, use or disclose the contents of this communication to others.

**From:** Lydia Carpenter <lcarpenter@hendrenmalone.com>
**Sent:** Friday, June 5, 2026 10:43 AM
**To:** Erica Gilerman <erica@tritonrecoveryllc.com>
**Cc:** Jenny Gorman <jgorman@hendrenmalone.com>; Leo Vargas <leo@tritonrecoveryllc.com>; Carlos Gomez <carlos@tritonrecoveryllc.com>
**Subject:** RE: Emergency Motion to Enforce Automatic Stay/Show Cause/Contempt and Sanctions

Erica,

The basis for our position is crystal clear: Evernorth (Cigna) has been remitting insurance payment to Triton post-petition unbeknownst to the Debtor, because Triton directed them to.

See Exhibit H to our Motion- also attached here for your reference. This is one of many claims the Debtor has discovered in the last 24 hours that have been paid directly to "Stellar Capital c/o Triton Recovery." We've spoken directly with Evernorth, who informed us that these claims were paid to Triton. I have also attached other additional claims that were paid to Triton. There are more where this came from, and the Debtor is actively trying to identify how big this issue is. Setting aside the extremely problematic HIPPA violation issues that result from confidential patient information being disclosed, the Debtor is concerned that these claims are the tip of the iceberg.

We don't know whether there are other accounts out there that are still subject to Triton's improper lien holds, and we are investigating. Triton was clearly notified of the Bankruptcy Case on March 17, 2026; from then on, it has been Triton's affirmative obligation to make sure that it did not violate the automatic stay. It was (and is) Triton's responsibility to ensure that all of the lien holds that Triton previously issued were released (particularly since you represented to us that you already released them.) To that end, you originally sent me one pdf release and indicated you sent it to all relevant parties- ***please provide written proof of each and every party that you sent the release to.***

I understand that you can't control the speed with which third-parties release a lien hold; however, based on our investigation, this has been happening for months, and I struggle to understand how Triton is unaware of these deposits. As you can see from these claims, payments were remitted by check. It appears that maybe those payments haven't cleared. I suggest Triton check its mail.

To be abundantly clear- I would love to be proven wrong here. If you have evidence that Triton and/or Stellar has not received these funds, please provide it as soon as possible.

I expect the Bankruptcy Court to set our motion for hearing at the next available date, which will be Tuesday, 6/9.

Lydia C. Carpenter

Hendren, Redwine & Malone, PLLC
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
(919) 573-1417 (direct)
(919) 420-0475 (fax)
www.hendrenmalone.com

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

PRIVILEGED AND CONFIDENTIAL: This electronic message and any attachments are confidential property of the sender. The information is intended only for the use of the person to whom it was addressed. Any other interception, copying, accessing, or disclosure of this message is prohibited. The sender takes no responsibility for any unauthorized reliance on this message. If you have received this message in error, please immediately notify the sender and purge the message you received. Do not forward this message without permission.

**From:** Erica Gilerman <erica@tritonrecoveryllc.com>
**Sent:** Friday, June 5, 2026 10:01 AM
**To:** Lydia Carpenter <lcarpenter@hendrenmalone.com>
**Cc:** Jenny Gorman <jgorman@hendrenmalone.com>; Leo Vargas <leo@tritonrecoveryllc.com>; Carlos Gomez <carlos@tritonrecoveryllc.com>
**Subject:** Re: Emergency Motion to Enforce Automatic Stay/Show Cause/Contempt and Sanctions

Lydia,

I can unequivocally confirm that Triton Recovery has not received, deposited, or otherwise retained any payments on behalf of either Stellar or Parkview Advance. As you acknowledged, bankruptcy release notices were issued to all relevant parties, and my understanding is that you were copied on those communications as well.

To the extent there is any question regarding this issue, I have no objection to executing an affidavit attesting under oath that no funds were received or deposited by Triton Recovery in connection with this matter.

With that said, are there still accounts currently subject to holds? It is important to recognize that Triton does not control the timing with which third-party account debtors, processors, or vendors implement UCC lien notices or process subsequent release notices. The original UCC lien notices were transmitted on March 13, prior to the bankruptcy filing, and any action or delay by a third party in processing either the notices or releases is entirely outside of Triton's control.

11

Quite frankly, I am struggling to understand the basis for the position being advanced here. The suggestion that Triton somehow received or retained funds is simply inaccurate and is not supported by the facts. We promptly issued the bankruptcy releases, no funds were received by Triton, and we have been transparent regarding our involvement throughout this process.

Accordingly, if there are still funds being held, please advise where those funds are currently on hold and the amount being held. Once we have that information, we can work to ensure the appropriate parties have processed the release notices and that any remaining holds are addressed. Our objective is to resolve any outstanding issues, but we need accurate information regarding the location and status of any held funds in order to do so.

Please advise.

## Erica Gilerman

CHIEF LEGAL OFFICER

LICENSED IN NEW YORK AND NEW JERSEY

*AUTHORIZED HOUSE COUNSEL, FLORIDA, not a member of the Florida Bar*

(786) 436-9760

erica@tritonrecoveryllc.com

www.tritonrecoveryllc.com

3111 N University Dr, Coral Springs, Florida 33065



TRITON

RECOVERY GROUP

This communication is from a debt collector in an attempt to collect a debt. Any information obtained will be used for that purpose. NC Permit #523079241

This email contains confidential information that may be privileged or that constitutes attorney work-product. This email communication is confidential and is intended only for the individuals or entities named above. If you are not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, any review, dissemination, distribution or duplication of this communication is strictly prohibited. Please notify the sender immediately that you have received this e-mail in error by reply email or by telephone and do not read, copy, use or disclose the contents of this communication to others.

**From:** Lydia Carpenter <lcarpenter@hendrenmalone.com>
**Sent:** Thursday, June 4, 2026 9:15 PM
**To:** Erica Gilerman <erica@tritonrecoveryllc.com>
**Cc:** Jenny Gorman <jgorman@hendrenmalone.com>
**Subject:** Emergency Motion to Enforce Automatic Stay/Show Cause/Contempt and Sanctions

You don't often get email from lcarpenter@hendrenmalone.com. Learn why this is important

Erica,

Attached please find an Emergency Motion we filed this evening related to Triton's ongoing violations of the automatic stay.

You're welcome to give me a call tomorrow if you'd like to discuss.

Lydia C. Carpenter

Hendren, Redwine & Malone, PLLC
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
(919) 573-1417 (direct)
(919) 420-0475 (fax)
www.hendrenmalone.com

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

PRIVILEGED AND CONFIDENTIAL: This electronic message and any attachments are confidential property of the sender. The information is intended only for the use of the person to whom it was addressed. Any other interception, copying, accessing, or disclosure of this message is prohibited. The sender takes no responsibility for any unauthorized reliance on this message. If you have received this message in error, please immediately notify the sender and purge the message you received. Do not forward this message without permission.

13

# EXHIBIT 3

 Outlook

---

## Re: UCC LIEN: THREE OAKS BEHAVIORAL HEALTH & WELLNESS / HALL, CASIE LORRAINE Account # 2026-2118

---

**From** Restraint Department <UCC@tritonrecoveryllc.com>

**Date** Tue 03/17/2026 4:39 PM

**To** Kevin G. Horbatiuk <khorbatiuk@russogould.com>; Christian Osorio <cosorio@russogould.com>; Tashi Vaish <tvaish@russogould.com>; Andrew Baker <abaker@russogould.com>

📎 1 attachment (199 KB)
BANKRUPTCY FULL RELEASE LETTER - THREE OAKS BEHAVIORAL HEALTH & WELLNESS.pdf;

Good Afternoon,

Please be aware that THREE OAKS BEHAVIORAL HEALTH & WELLNESS has filed for Bankruptcy.

See attached release.

## Restraint Department
### UCC LIEN ENFORCEMENT

(844) 727-3863
ucc@tritonrecoveryllc.com
www.tritonrecoveryllc.com
3111 N University Dr, Suite 702, Coral Springs, FL 33065

**TRITON**
RECOVERY GROUP

This communication is from a debt collector in an attempt to collect a debt. Any information obtained will be used for that purpose. NC Permit #523079241

---

**From:** Restraint Department <UCC@tritonrecoveryllc.com>
**Sent:** Friday, March 13, 2026 12:20 PM
**To:** Kevin G. Horbatiuk <khorbatiuk@russogould.com>; Christian Osorio <cosorio@russogould.com>; Tashi Vaish <tvaish@russogould.com>; Andrew Baker <abaker@russogould.com>
**Subject:** UCC LIEN: THREE OAKS BEHAVIORAL HEALTH & WELLNESS / HALL, CASIE LORRAINE Account # 2026-2118

To Whom It May Concern:

Please be advised that Triton Recovery has been retained to collect on a debt owed to our client **STELLAR CAPITAL LLC**, ("Client"). This collection effort is in accordance with the applicable provisions under the Uniform Commercial Code, including, but not limited to, UCC § 9-404, 9-406, and 9-607.

It has come to our attention that **CIGNA HEALTH INSURANCE** has been conducting business with **THREE OAKS BEHAVIORAL HEALTH & WELLNESS / HALL, CASIE LORRAINE** (the

"Merchant"), located at **500 E Davie St Ste 140, Raleigh, NC 27601** and funds may be due.

Attached please find our client's perfected UCC-1 Financing Statement, together with the Redacted Contract, Power of Attorney ("POA") and/or Certificate of Authority to Act ("Certificate") and/or Letter of Representation ("LOR"), as applicable. These documents are provided in support of our client's perfected security interest and pursuant to the outstanding debt owed to our client.

Please be advised that, in the event a bankruptcy proceeding has been filed, this correspondence is intended solely as an attempt to collect information and is not an attempt to collect a debt.

Should you have any questions or concerns, please do not hesitate to contact us.

# Restraint Department

UCC LIEN ENFORCEMENT

(844) 727-3863

ucc@tritonrecoveryllc.com

www.tritonrecoveryllc.com

3111 N University Dr, Suite 702, Coral Springs, FL 33065



**TRITON**
RECOVERY GROUP

This communication is from a debt collector in an attempt to collect a debt. Any information obtained will be used for that purpose. NC Permit #523079241

# EXHIBIT 4

 Outlook

---

**Three Oaks Behavioral Health - wire $4,289.70**

---

**From** Henny Engelen <Henny@tritonrecoveryllc.com>

**Date** Thu 6/11/2026 10:57 AM

**To**  jordan@threeoaksbehavioralhealth.com <jordan@threeoaksbehavioralhealth.com>

**Cc**  Leo Vargas <leo@tritonrecoveryllc.com>; Erica Gilerman <erica@tritonrecoveryllc.com>

Hi Jordan,

As just discussed over the phone, I can confirm that the wire transfer has been sent.

| Wire Transfer Summary | |
|---|---|
| Transfer Description: | Three Oaks Behavioral 26-1207 |
| Effective Date: | 06/11/2026 |
| Amount: | $4,289.70 |
| Reference Number: | c55411db55 |
| Wire Number: | Not Available |

Best regards,



## Henny Engelen
CHIEF FINANCIAL OFFICER

(786) 489-1862

henny@tritonrecoveryllc.com

www.tritonrecoveryllc.com

3111 N University Dr, Suite 702, Coral Springs, FL 33065

TRITON
RECOVERY GROUP

This communication is from a debt collector in an attempt to collect a debt. Any information obtained will be used for that purpose. NC Permit #523079241

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 18, 2026, I caused a copy of the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel and parties of record. I also sent a copy of the foregoing to the Debtor at the following address via first class mail postage prepaid:

**Three Oaks Behavioral Health**  (via U.S. Mail)
**& Wellness, PLLC**
1011 Dresser Court
Raleigh, NC 27609


Lydia C. Carpenter  (via CM/ECF)
Jason L. Hendren
Rebecca Redwine Grow
Benjamin E.F.B. Waller
**Hendren Redwine & Malone, PLLC**
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
lstoney@hendrenmalone.com
*Attorneys for Debtor*

Bankruptcy Administrator  (via CM/ECF)

George M. Oliver  (via CM/ECF)
PO Box 1548
New Bern, NC 28563
george@georgeoliverlaw.com
*Trustee*

       */s/ Byron L. Saintsing*
       Byron L. Saintsing [NC Bar No. 16035]
       Smith Debnam Narron Drake
       Saintsing & Myers, LLP
       PO Box 176010
       Raleigh, NC 27619-6010
       Telephone: (919) 250-2000
       bsaintsing@smithdebnamlaw.com

       *Attorneys for Triton Recovery LLC*