**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

IN RE:                                  )
                                        )        **Case No. 26-01207-5-JNC**
**THREE OAKS BEHAVIORAL**                )
**HEALTH & WELLNESS, PLLC**              )        **Chapter 11**
                                        )
        **Debtor.**                      )

## MOTION TO APPROVE SETTLEMENT

NOW COMES Three Oaks Behavioral Health & Wellness, PLLC (hereinafter "Debtor"), by and through the undersigned counsel, and hereby moves the Court pursuant to Bankruptcy Rule 9019 to approve a settlement and compromise as follows:

1.      On March 16, 2026, (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2.      The Debtor filed its *Emergency Motion to Enforce Automatic Stay, Motion to Show Cause Why Damages and Other Civil Contempt Penalties Should Not be Imposed against Triton Recovery, LLC and Motion for Contempt and Sanctions for Violation of the Automatic Stay* (the "Triton Motion"), D.E. 91, on June 4, 2026.

3.      In response, Triton filed a *Declaration of Erica Gilerman, Esq. on Behalf of Triton Recovery, LLC*, D.E. 99, on June 9, 2026.

4.      The Court conducted a preliminary hearing on the Triton Motion on June 9, 2026, and subsequently entered an *Order on Preliminary Hearing For Emergency Motion to Enforce Automatic Stay and Requesting Show Cause For a Civil Contempt Against Triton Recovery, LLC; and Order Issuing Show Cause and Setting Hearing* (the "Triton Order"), D.E. 102, setting the issues for hearing on June 15, 2026.

5.      Following a status conference on June 15, 2026, the hearing was continued to June

24, 2026, pursuant to the Court's Order Continuing Hearing, D.E. 116.

6. On June 18, 2026, Triton filed its *Objection* to the Triton Motion, D.E. 120 (the "Triton Objection") and the *Amended Declaration of Erica Gilerman, Esq. on Behalf of Triton Recovery, LLC*, D.E. 119, in response to the Triton Motion.

7. After subsequent negotiations, Triton and the Debtor have reached a resolution to settle all matters in controversy raised in the Triton Motion and the Triton Objection. A true and accurate copy of the Settlement Agreement between the Parties is attached hereto as **Exhibit A**.

8. Generally, the settlement reached between the Parties includes the following key terms:

a) Triton shall pay to the Debtor the sum of $4,000.00 (the "Settlement Funds") within five (5) business days after entry of a final and non-appealable Order allowing this Motion (the "Effective Date");

b) Within two (2) days after the Effective Date, Triton shall overnight to Debtor's counsel all Checks (as such term is defined in the Settlement Agreement) in its possession;

c) Triton shall monitor for more Checks for a period of forty-five (45) days following the Effective Date, and if any are received, Triton agrees to notify Debtor's counsel via email, and to overnight the same to the Debtor;

d) Entry into the Settlement Agreement is not representative of any admission of liability by any Party to the Settlement Agreement; and

e) The Parties shall be deemed to have released one another of all claims related to the Triton Motion, the Triton Objection, and the Triton Order, other than the obligations created by the Settlement Agreement.

9.     Debtor has analyzed the Settlement Agreement, taking into consideration the facts, strengths, and weaknesses of the Parties' respective positions, the equities involved, the information available to the Parties and the information and facts the Parties have discovered through investigation and negotiations in this matter, and the costs and risks of continued litigation.

10.     The Debtor believes that the Settlement Agreement is fair and reasonable, and that the Settlement Agreement is in the best interest of the bankruptcy estate and the creditors.

WHEREFORE, the Debtor hereby requests the Court to approve the settlement as set forth herein, and more fully set forth in the Settlement Agreement attached hereto, and for such other and further relief as the Court deems just and proper.

This the 7th day of July, 2026.

**HENDREN, REDWINE & MALONE, PLLC**

s/Lydia C. Carpenter
Jason L. Hendren (NC State Bar No.: 26869)
Rebecca Redwine Grow (NC State Bar No.:  37012)
Benjamin E.F.B. Waller (NC State Bar No.: 27680)
Lydia C. Carpenter (NC State Bar No. 56697)
4600 Marriott Drive, Suite 150
Raleigh, NC  27612
Telephone:  (919) 573-1422
Facsimile:  (919) 420-0475
Email:  jhendren@hendrenmalone.com
        rredwine@hendrenmalone.com
        bwaller@hendrenmalone.com
        lcarpenter@hendrenmalone.com

ATTORNEYS FOR DEBTOR

**EXHIBIT A**

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made and entered into as of this 7th day of July, 2026, by and between Three Oaks Behavioral Health & Wellness, PLLC (the "Debtor"), and Triton Recovery, LLC d/b/a Triton Recovery Group ("Triton"). The Debtor and Triton are also referred to below individually as a "Party" or collectively as the "Parties."

## WHEREAS:

A.      On March 16, 2026, (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of North Carolina (the "Bankruptcy Court") under Case No.  26-01207-5-JNC (the "Bankruptcy Case").

B.      On June 4, 2026, the Debtor filed an *Emergency Motion to Enforce Automatic Stay, Motion to Show Cause Why Damages and Other Civil Contempt Penalties Should Not be Imposed against Triton Recovery, LLC and Motion for Contempt and Sanctions for Violation of the Automatic Stay* (the "Triton Motion"*)*, D.E. 91, asserting claims against Triton for alleged violations of the automatic stay of 11 U.S.C. § 362.

C.      In response to the Triton Motion, Triton filed a *Declaration of Erica Gilerman, Esq. on Behalf of Triton Recovery, LLC*, D.E. 99 (the "Declaration"), on June 9, 2026.

D.      The Court conducted a preliminary hearing on the Triton Motion on June 9, 2026, and entered an *Order on Preliminary Hearing For Emergency Motion to Enforce Automatic Stay and Requesting Show Cause For a Civil Contempt Against Triton Recovery, LLC; and Order Issuing Show Cause and Setting Hearing* (the "Triton Order"), D.E. 102, on June 9, 2026, setting the issues for hearing.

E.      Following a status conference on June 15, 2026, the hearing was continued to June 24, 2026, pursuant to the Court's Order Continuing Hearing, D.E. 116.

F.      On June 18, 2026, Triton filed an *Objection* to the Triton Motion, D.E. 120 (the "Triton Objection"), and an *Amended Declaration of Erica Gilerman, Esq. on Behalf of Triton Recovery, LLC* in response to the Triton Motion, D.E. 119 (the "Amended Declaration").

G.      In the Triton Objection, the Declaration and the Amended Declaration, Triton asserts various defenses and denies any and all liability for the Debtor's allegations set forth in the Triton Motion.

H.      The Debtor and Triton, having informally exchanged information and evaluated the strengths and weaknesses of their respective claims and defenses, and without any admissions as to their respective positions or liability, are desirous of compromising and settling the Debtor's claims against Triton raised in the Triton Motion in their entirety, in order to avoid the expenses and risks of litigation, on the following terms and conditions.

1

**NOW THEREFORE**, in consideration of the premises and mutual promises set forth below and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto agree as follows:

1.      **Effective Date.** The Effective Date of this Agreement shall be the date upon which the Order of the Bankruptcy Court granting the pending Motion to Approve Compromise and Settlement ("Compromise Motion"), D.E. __, and approving this Agreement, becomes final and non-appealable.  If there is an appeal of the Bankruptcy Court's Order, the Effective Date shall be the date upon which there is the entry of a final and non-appealable order with respect to that appeal.

2.      **Settlement Payment.**  Triton agrees to pay to the Debtor (the "Payee") the sum of Four Thousand Dollars ($4,000) (the "Settlement Payment") within five (5) business days of the Effective Date, in full settlement and satisfaction of all claims which are, or which could have been, asserted in support of the Triton Motion and the Triton Objection. The Settlement Payment will be made via wire transfer from Triton or Triton's counsel to the Debtor pursuant to wire instructions previously provided by the Debtor to Triton or Triton's counsel.

3.      **Triton's Release of Checks.** Within two (2) business days of the  Effective Date, Triton agrees to overnight by second day air, signature required,  to counsel for the Debtor any and all checks and associated documents in its possession that were issued to Triton or any of Triton's clients by any third party, including, but not limited to Evernorth Behavioral Health, Inc. d/b/a Cigna Health and Life Insurance Company ("Cigna") related to Three Oaks Behavioral Health & Wellness, PLLC ("Checks").

4.      **Triton's Reporting Requirements.** For a period of forty-five (45) days following the  Effective Date, Triton shall monitor its mail for receipt of additional Checks, and if any are received, Triton shall notify Debtor's counsel of receipt of such Check(s) via e-mail to: lcarpenter@hendrenmalone.com, and Triton shall overnight by second day air, signature required, the original Checks and any/all associated documents to counsel for the Debtor at: Hendren Redwine & Malone, PLLC, Attn: Lydia Carpenter, 4600 Marriott Drive, Ste. 150, Raleigh, NC 27612.

5.      **Court Approval of Settlement.**  This Agreement is conditioned upon and shall not become effective unless and until the Agreement is approved, and an Order granting the Compromise Motion is entered by the Bankruptcy Court.  If the Debtor receives the Settlement Payment prior to such approval, the Debtor shall promptly transmit the Settlement Payment to counsel for the Debtor, who shall hold the Settlement Payment in trust and shall not disburse the Settlement Payment to the Debtor until the Effective Date.  In the event that the Court does not approve this Agreement or there is a final, non-appealable order of an appellate court reversing an order of the Bankruptcy Court approving this Agreement, (i) the Debtor shall promptly return the Settlement Payment to Triton, and (ii) this Agreement shall be null and void with the Parties returning to their original respective positions with no rights waived. Neither Party may withdraw from this Settlement prior to consideration by the Bankruptcy Court.

2

**Error! Unknown document property name.**

6.    **The Debtor's Release.**  Except for the obligations contained in this Agreement, and upon receipt of the Settlement Payment and occurrence of the Effective Date, the Debtor, on behalf of the Debtor, the Debtor's bankruptcy estate, and their successors and assigns, and any subsequently appointed Trustee under Chapter 11 or Chapter 7 of the Bankruptcy Code (collectively, the "Debtor"), releases and discharges Triton, and their successors and assigns (collectively, the "Triton Parties"), from any and all actual or potential claims, demands, obligations, losses, causes of action, damages, penalties, costs, expenses, attorneys' fees, liabilities, and indemnities, of any kind or nature whatsoever, whether known or unknown, suspected or unsuspected, arising from or relating to any claims asserted or that could have been asserted against the Triton Parties by the Debtor  related in any manner to the Triton Motion,the Triton Objection, or the Triton Order at any time prior to the execution of this Agreement. The Debtor acknowledges that it or its attorneys may hereafter discover facts different from or in addition to the facts that the Debtor now knows or believes to be true as to the subject matter of this Agreement, but that it is the Debtor's intention to hereby fully and finally release the claims set forth in this paragraph, notwithstanding the discovery of any such different or additional facts.

7.    **Triton's Release.**  Except for the obligations contained in this Agreement, and upon delivery of the Settlement Payment and occurrence of the Effective Date, the Triton Parties release and discharge the Debtor and the Debtor's bankruptcy estate, and their successors and assigns (collectively, the "Debtor Released Parties"), from any and all actual or potential claims, demands, obligations, losses, causes of action, damages, penalties, costs, expenses, attorneys' fees, liabilities, and indemnities, whether known or unknown, suspected or unsuspected, arising from or relating to any claims asserted or that could have been asserted against the Debtor Released Parties by the Triton Parties related to the Triton Motion, the Triton Objection, or the Triton Order at any time prior to the execution of this Agreement. Triton acknowledges that it or its attorneys may hereafter discover facts different from or in addition to the facts that Triton now knows or believes to be true as to the subject matter of this Agreement, but that it is Triton's intention to hereby fully and finally release the claims set forth in this paragraph, notwithstanding the discovery of any such different or additional facts.

8.    **Compromise Motion**. The Debtor's counsel  shall prepare the Compromise Motion pursuant to Rule 9019 of the Bankruptcy Code. The Parties agree that counsel for Triton shall have the right to review and approve on the Compromise Motion before it is filed. The Parties agree to extend all deadlines and continue all pending hearings as needed to permit the Bankruptcy Court's consideration of the Compromise Motion.

9.    **No Admission of Liability.**  Nothing in this Agreement shall be construed as an admission of liability by any Party to the Agreement.

10.    **Merger and Integration.**  This document sets forth the entire agreement of the Parties and all prior and contemporaneous conversations, agreements, understandings, covenants, representations, and negotiations with respect to the subject matter hereof are merged herein and superseded hereby.  No other agreements, covenants, representations, warranties, express or implied, oral or written, have been made by any of the Parties with respect to the subject matter hereof.

3

**Error! Unknown document property name.**

11.     **Counterparts.** This Agreement can be signed in facsimile or PDF counterparts. Each such counterpart shall be deemed an original, and all such counterparts shall constitute one and the same agreement.

12.     **Jurisdiction.** The parties agree that the Bankruptcy Court shall retain the exclusive and sole jurisdiction to resolve any controversy or claim arising out of or relating to this Agreement or the implementation or the breach hereof.  The Parties consent to the core jurisdiction of the Bankruptcy Court, to the constitutional authority of the Bankruptcy Court to enter a final judgment, and agree to have waived any right to a jury trial in connection with any disputes related to or arising out of this Agreement.

13.     **Governing Law.**  This Agreement is made and entered into under the laws of the State of North Carolina and Title 11 of the United States Code, and shall be interpreted, applied, and enforced under those laws. The Parties hereto agree that this Agreement shall be governed by the laws of the State of North Carolina and Title 11 of the United States Code, and any litigation concerning this Agreement shall be held in the Bankruptcy Court.

14.     **No Presumption.** There shall be no drafting inference in connection with this Agreement.

15.     **Review by Counsel.** By signing this Agreement, the Parties represent that they have reviewed this Agreement with counsel or have been given an opportunity to review it with counsel and have chosen not to do so.

16.     **Authority.** By signing this Agreement, the Parties represent that they have full authority to enter into this Agreement.

17.     **Miscellaneous.**  The Parties shall bear their respective costs, expenses, and attorneys' fees incurred in connection with this Agreement and the negotiations relating thereto. This Agreement may be amended, modified, or otherwise changed only in a writing signed by both Parties and, if applicable, with Bankruptcy Court approval.  The parties hereto agree to be bound by the terms of this Agreement, pending Bankruptcy Court approval. This Agreement shall bind and inure to the benefit of the Parties hereto and their respective successors, predecessors, and assigns.  The Parties agree to, on request of the other Party, to perform all acts reasonably necessary to effectuate this Agreement.

**THREE OAKS BEHAVIORAL
HEALTH & WELLNESS, PLLC**

By: _Cori Hall LCMHC, LCAS_                    Dated: ___7/7/2026___

Title: ___Owner___

4

**Error! Unknown document property name.**

**TRITON RECOVERY, LLC D/B/A**
**TRITON RECOVERY GROUP**

By: _____E. _____     Dated: ___7/7/2026_____

Title: ____Chief legal officer____

Error! Unknown document property name.

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | **Case No. 26-01207-5-JNC** |
| **THREE OAKS BEHAVIORAL** | ) | |
| **HEALTH & WELLNESS, PLLC** | ) | **Chapter 11** |
| | ) | |
| **Debtor.** | ) | |

**ORDER ALLOWING MOTION TO APPROVE SETTLEMENT**

THIS MATTER is before the Court on Three Oaks Behavioral Health & Wellness, PLLC (hereinafter "Debtor"), Motion for Order Approving Compromise ("Motion to Approve Compromise"), and it appearing that all parties in interest were served with proper notice and that any objections were resolved; and, it further appearing to the Court as follows:

1.      On March 16, 2026, (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2.      The Debtor filed its *Emergency Motion to Enforce Automatic Stay, Motion to Show Cause Why Damages and Other Civil Contempt Penalties Should Not be Imposed against Triton*

*Recovery, LLC and Motion for Contempt and Sanctions for Violation of the Automatic Stay* (the "Triton Motion"), D.E. 91, on June 4, 2026.

3.    In response, Triton filed a *Declaration of Erica Gilerman, Esq. on Behalf of Triton Recovery, LLC*, D.E. 99, on June 9, 2026.

4.    The Court conducted a preliminary hearing on the Triton Motion on June 9, 2026, and subsequently entered an *Order on Preliminary Hearing For Emergency Motion to Enforce Automatic Stay and Requesting Show Cause For a Civil Contempt Against Triton Recovery, LLC; and Order Issuing Show Cause and Setting Hearing* (the "Triton Order"), D.E. 102, setting the issues for hearing on June 15, 2026.

5.    Following a status conference on June 15, 2026, the hearing was continued to June 24, 2026, pursuant to the Court's Order Continuing Hearing, D.E. 116.

6.    On June 18, 2026, Triton filed its *Objection* to the Triton Motion, D.E. 120 (the "Triton Objection") and the *Amended Declaration of Erica Gilerman, Esq. on Behalf of Triton Recovery, LLC*, D.E. 119, in response to the Triton Motion.

7.    The Parties have reached a settlement whereby the Debtor and Triton shall abide by the terms set forth in the Motion to Approve Compromise and the Settlement Agreement attached thereto.

8.    The Debtor asserts that the compromise and settlement are in the best interests of the estate, considering the facts, strengths, and weaknesses of the Parties' respective positions, the equities involved, the information available to the Parties and the information and facts the Parties have discovered through investigation and negotiations in this matter, and the costs and risks of continued litigation.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the terms of the compromise as stated in the Motion to Approve Compromise, and as set forth in the Settlement Agreement attached as Exhibit A to the Motion to Approve Compromise are hereby APPROVED.

**END OF DOCUMENT**