**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | **Case No. 26-01207-5-JNC** |
| **THREE OAKS BEHAVIORAL HEALTH & WELLNESS, PLLC** | ) | |
| | ) | **Chapter 11** |
| **Debtor.** | ) | |

**MOTION TO REJECT CERTAIN UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY AND ABANDON RELATED PERSONAL PROPERTY ASSETS**

**COMES NOW** Three Oaks Behavioral Health & Wellness, PLLC (the "Debtor"), by and through its undersigned counsel, pursuant to 11 U.S.C. § 365 and files this Motion to Reject Certain Unexpired Leases of Non-Residential Real Property and Abandon Related Personal Property Assets (the "Motion"), seeking entry of an order rejecting certain unexpired leases as detailed herein. In support of this Amended Motion, the Debtor shows the Court the following:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The Debtor filed a voluntary petition pursuant to Chapter 11 of the United States Bankruptcy Code on March 16, 2026. The Debtor continues in possession of its assets, operates its business, and manages its affairs as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

3. Three Oaks Behavioral Health & Wellness, PLLC is a North Carolina corporation which owns and operates an outpatient psychotherapy practice with six (6) locations in Wake, Durham, and Orange counties. It has been in business since 2017 and had 98 employees as of the petition date.

**Request for Rejection of Unexpired Leases of Real Property**

4. As part of its efforts to restructure, the Debtor has reviewed and identified certain leases that are a burden on the Debtor and its estate and are likely to continue to drive losses for the Debtor. The Debtor is in the process of closing its office at these leased locations (the "Closed Offices") and transitioning its staff and patients to other existing offices. The Debtor seeks to reject the leases associated with the Closed Offices.

5. To the extent that they were not terminated prior to the Petition Date or subject to immediate termination by receipt of this Motion, the Debtor requests that the leases associated with the Closed Offices set forth on the attached **Exhibit A** (collectively, the "Rejected Leases") be deemed rejected as of the Effective Date(s) set forth on Exhibit A.

6. As it pertains to the Debtor's lease of non-residential real property with Benson Road Holdings, LLC, the last date on which the Debtor used the premises was July 17, 2026; accordingly, the Debtor seeks its rejection of that lease be deemed effective as of July 17, 2026.

7. The Rejected Leases require the payment of base monthly rent, and some require payment of certain tax and/or insurance expenses associated with each applicable location.

8. The Rejected Leases are not necessary to the Debtor's reorganization, have no value to the estate, and their rejection is in the best interests of the estate and its creditors.

9. The Debtor seeks to reject the Rejected Leases in accordance with principles of sound business judgment and the circumstances of this case. The Rejected Leases are, and will continue to be, a burden to the Debtor's estate. The Debtor is ceasing its operations at the office locations subject to the Rejected Leases, and following such closure, the Debtor will have no further use for those locations. The Debtor will vacate these premises as of the Effective Dates set

forth on Exhibit A, and the Rejected Leases will no longer provide any economic benefit to the Debtor's estate.

10. Additionally, the Debtor has determined, in its reasonable business judgment, that there is no net benefit that can be realized from an attempt to market and assign the Rejected Leases.

11. To the extent notice of the Debtor's intention to reject the Rejected Leases has not been previously provided, the filing and service of this Motion shall serve as notice of the Debtor's intention to reject the Rejected Leases as set forth on **Exhibit A.**

**Abandonment of Personal Property Contained Within Rejected Lease Premises**

12. As it pertains to personal property remaining within any of the Rejected Lease premises, the Debtor requests authority to abandon such personal property pursuant to section 554(a) of the Bankruptcy Code. By this motion, the Debtor gives notice of its proposed abandonment pursuant to Rule 6007 of the Federal Rules of Bankruptcy Procedure.

13. Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the [debtor] may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). The right to abandon is virtually unfettered, unless abandonment of the property will contravene laws designed to protect public health and safety and the property poses an imminent threat to the public's welfare. *See In re Midlantic Nat'l Bank*, 474 U.S. 494, 501 (1986). Neither of these limitations is applicable in this case.

14. Upon information and belief, the personal property that will remain at the Rejected Lease premises following the Effective Date(s) listed on **Exhibit A** consists of miscellaneous used office furniture, including couches, chairs, small desks, bookshelves, throw rugs, and

miscellaneous décor and kitchen items. The Debtor believes that these items are of inconsequential value and benefit to the estate.

15. To the best of the Debtor's knowledge and belief, any creditor who may have a perfected security interest in the personal property has been noticed with this Motion as detailed in **Exhibit B.**

**Request for Bar Date for Assertion of Claims Related to the Rejected Leases**

16. In addition, the Debtor requests that the Court set a bar date for the assertion of any claims related to the rejection of the Rejected Leases, or arising out of or related to the subject of any of the Rejected Leases as follows:

a. Any claim arising from the rejection of any of the Rejected Leases shall be filed within 60 days after the date of the entry of the order allowing this Motion, and if not timely filed any such claim shall be barred; and;

b. Any creditor believing it is entitled to an administrative claim arising out of or related to the subject of any of the Rejected Leases shall file with the Court within 60 days after the date of the entry of the Order allowing this Motion (the "Administrative Bar Date") a Motion or Request for Allowance of Administrative Expense Claim, and if such a motion or request is not timely filed, any such claim shall be barred. It shall not be sufficient for a creditor to file a proof of claim asserting an administrative claim arising out of or related to any of the Rejected Leases without timely filing by the Administrative Bar Date an appropriate Motion or Request for Allowance of Administrative Expense Claim. Any proofs of claim filed by a creditor asserting an administrative claim arising out of or related to any of the

Rejected Leases that are filed without the creditor's timely filing by the Administrative Bar Date of an appropriate Motion or Request for Allowance of Administrative Expense Claim shall be disallowed. The Debtor reserves any and all rights to object to any rejection damages claims or other claims filed by any lease counterparty.

17. A proposed order allowing this Motion is attached hereto as **Exhibit C**.

WHEREFORE, the Debtor prays for the following relief:

1. That the Court enter an order providing that, to the extent that the Rejected Leases were not terminated prior to the Petition Date or subject to immediate termination by receipt of this Motion, the Rejected Leases are rejected as of the Effective Dates set forth on Exhibit A;

2. That the Court allow the Debtor to abandon all personal property assets remaining within the Rejected Lease premises;

3. That the Court set a bar date for the assertion of any claims related to the rejection of the Rejected Leases or arising out of or related to the subject of any of the Rejected Leases as requested herein; and

4. For such other and further relief as the Court may deem just and proper.

DATED: August 12, 2026

**HENDREN, REDWINE & MALONE, PLLC**

s/*Lydia C. Carpenter*
Jason L. Hendren (NC State Bar No. 26869)
Rebecca Redwine Grow (NC State Bar No. 37012)
Benjamin E.F.B. Waller (NC State Bar No. 27680)
Lydia C. Carpenter (NC State Bar No. 56697
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
Telephone: (919) 573-1422
Facsimile: (919) 420-0475
Email: jhendren@hendrenmalone.com
rredwine@hendrenmalone.com
bwaller@hendrenmalone.com
lcarpenter@hendrenmalone.com
*Counsel for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | **Case No. 26-01207-5-JNC** |
| **THREE OAKS BEHAVIORAL** | ) | |
| **HEALTH & WELLNESS, PLLC** | ) | |
| | ) | **Chapter 11** |
| **Debtor.** | ) | |

**NOTICE OF MOTION**

NOTICE IS HEREBY GIVEN of the *MOTION TO REJECT CERTAIN UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY* ("Motion") filed simultaneously herewith in the above captioned case; and,

FURTHER NOTICE IS HEREBY GIVEN that the Motion may be allowed provided no response and request for a hearing is made by a party in interest in writing to the Clerk of this Court within **FOURTEEN (14) DAYS**; and

FURTHER NOTICE IS HEREBY GIVEN that, if a response and request for a hearing is filed by a party in interest in writing within the time indicated, a hearing will be conducted on the Motion and response thereto at a date to be determined by the United States Bankruptcy Court. Any party requesting a hearing shall appear at said hearing in support of such request or he may be assessed Court costs. If no request for a hearing is timely filed, the Court may rule on the Motion and response thereto *ex parte* without further notice.

DATED: August 12, 2026

**HENDREN, REDWINE & MALONE, PLLC**

*/s/ Lydia C. Carpenter*

Jason L. Hendren (NC State Bar No. 26869)
Rebecca F. Redwine (NC State Bar No. 37012)
Benjamin E.F.B. Waller (NC State Bar No. 27680)
Lydia C. Carpenter (NC State Bar No. 56697)
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
Telephone: (919) 420-7867
Facsimile: (919) 420-0475
Email: jhendren@hendrenmalone.com
rredwine@hendrenmalone.com
bwaller@hendrenmalone.com
lcarpenter@hendrenmalone.com
*Counsel for the Debtor*

# EXHIBIT A

## Leases to be Rejected

| Location | Landlord | Address | City | State | ZIP | Effective Date |
|---|---|---|---|---|---|---|
| Durham, NC | Datatek Properties, LLC | 1735 Guess Rd | Durham | NC | 27701 | 8/31/2026 |
| Raleigh, NC | Benson Road Holdings, LLC | 3749 Benson Drive | Raleigh | NC | 27609 | 7/17/2026 |

# EXHIBIT B

| Potential Liens on Personal Property | | |
|---|---|---|
| **Secured Creditor** | **Collateral** | **NC UCC File Number** |
| CT Corporation System | All Assets | 20250036886A |
| Parkview Advance, LLC | All Assets | 20260013563K |
| CT Corporation System | All Assets | 20260020156F |

**EXHIBIT C**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | **Case No. 26-01207-5-JNC** |
| **THREE OAKS BEHAVIORAL HEALTH & WELLNESS, PLLC** | ) | |
| | ) | **Chapter 11** |
| **Debtor.** | ) | |

**ORDER ALLOWING MOTION TO REJECT CERTAIN UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY AND ABANDON RELATED PERSONAL PROPERTY ASSETS**

THIS MATTER comes before the Court upon the Debtor's Motion to Reject Certain Executory Contracts and Abandon Related Personal Property Assets which was filed on August 12, 2026 (the "Motion"). After proper notice and an opportunity for a hearing and based on the record in this case and the evidence presented, it appears that the Motion was duly served and that the relief requested therein is proper and should be granted. Accordingly, based on the Motion and the record in this case, the Court makes the following findings of fact and conclusions of law:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The Debtor filed a voluntary petition pursuant to Chapter 11 of the United States Bankruptcy Code on March 16, 2026. The Debtor continues in possession of its assets, operates its business, and manages its affairs as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

3. Three Oaks Behavioral Health & Wellness, PLLC is a North Carolina corporation which owns and operates an outpatient psychotherapy practice with six (6) locations in Wake, Durham, and Orange counties. It has been in business since 2017 and had 98 employees as of the petition date.

4. As part of its efforts to restructure, the Debtor has reviewed and identified certain leases that are a burden on the Debtor and its estate and are likely to continue to drive losses for the Debtor, and the Debtor is in the process of closing its offices at these leased locations (the "Closed Offices") and transitioning its staff and patients to other existing offices.

5. Prior to the Petition Date, the Debtor entered into certain leases as set forth in **Exhibit A to the Motion**, which, if they have not already been terminated or are not subject to immediate termination, the Debtor desires to reject as of the Effective Dates set forth on Exhibit A. (collectively, the "Rejected Leases').

6. Further, the Debtor desires to abandon certain personal property contained in the Rejected Lease premises.

7. The Rejected Leases and the personal property are not necessary to the Debtor's reorganization, have no value to the estate, and their rejection is in the best interests of the estate and its creditors.

8. It is appropriate to establish a bar date of 60 days from the entry of this Order for the assertion of any claims arising from the rejection of any of the Rejected Leases or arising out of or related to the subject of any of the Rejected Leases.

NOW, THEREFORE, in consideration of the above findings of fact and conclusions of law, IT IS ORDERED as follows:

1. To the extent that the Rejected Leases were not terminated prior to the Petition Date or subject to immediate termination by receipt of the Motion, the Rejected Leases are rejected as of the Effective Date(s) set forth on Exhibit A.

2. The Debtor is hereby authorized to abandon the personal property assets located at the Rejected Lease Premises.

3. Any claim arising from the rejection of any of the Rejected Leases shall be filed within 60 days after the date of the entry of this Order, and if not timely filed any such claim shall be barred.

4. Any creditor believing it is entitled to an administrative claim arising out of or related to the subject of any of the Contracts shall file with the Court within 60 days after the date of the entry of this Order (the "Administrative Bar Date") a Motion or Request for Allowance of Administrative Expense Claim, and if such a motion or request is not timely filed any such claim shall be barred. It shall not be sufficient for a creditor to file a proof of claim asserting an administrative claim arising out of or related to any of the Rejected Leases without timely filing by the Administrative Bar Date of an appropriate Motion or Request for Allowance of Administrative Expense Claim. Any proofs of claim filed by a creditor asserting an administrative claim arising out of or related to any of the Contracts that are filed without the creditor's timely filing by the Administrative Bar Date of an appropriate Motion or Request for Allowance of

Administrative Expense Claim shall be disallowed. Nothing in this order shall waive or limit the rights of the Debtor to object to any rejection damage claims or other claims filed by any lease counterparty.

**END OF DOCUMENT**

**CERTIFICATE OF SERVICE**

I, Lydia C. Carpenter, 4600 Marriott Drive, Suite 150, Raleigh, North Carolina 27612, certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on the 12th day of August, 2026, I served copies of the Motion to Reject Certain Unexpired Leases of Non-Residential Real Property and Abandon Related Personal Property Assets on the parties listed below electronically or by depositing a copy of the same in the United States mail bearing sufficient postage.

I certify under penalty of perjury that the foregoing is true and correct.

This the 12th day of August, 2026.

**HENDREN, REDWINE MALONE, PLLC**

s/ Lydia C. Carpenter

Jason L. Hendren (NC State Bar No. 26869)
Rebecca F. Redwine (NC State Bar No. 37012)
Benjamin E.F.B. Waller (NC State Bar No. 27680)
Lydia C. Carpenter (NC State Bar No. 56697)
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
Telephone: (919) 573-1422
Facsimile: (919) 420-0475
Email: jhendren@hendrenmalone.com
rredwine@hendrenmalone.com
bwaller@hendrenmalone.com
lcarpenter@hendrenmalone.com
*Counsel for the Debtor*

| | |
|---|---|
| Brian Behr<br>Bankruptcy Administrator | via CM/ECF |
| Datatek Properties, LLC<br>Attn: Managing Agent<br>1735 Guess Rd<br>Durham, NC 27701 | via U.S. Mail |
| Benson Road Holdings, LLC<br>Attn: Managing Agent<br>3749 Benson Drive<br>Raleigh, NC 27609 | via U.S. Mail |

| | |
|---|---|
| CT Corporation System<br>Attn: Managing Agent<br>330 N. Brand Blvd.<br>Glendale, CA 91203 | via U.S. Mail |
| Parkview Advance LLC<br>Attn: Managing Agent<br>600 Summer Court<br>Stamford, CT 06901 | via U.S. Mail |

| Name | Address | Address | City | State | ZIP |
|---|---|---|---|---|---|
| 70 East Business, LLC | Attn: Managing Agent | P.O. Box 1816 | Garner | NC | 27529 |
| AKF, Inc. dba Fundkite | Attn: Managing Agent | 2 S. Biscane Blvd., 23rd Floor | Miami | Fl | 33131 |
| Benson Road Holdings LLC | Attn: Managing Agent | 500 Cardinal Drive | Raleigh | NC | 27605 |
| Blue Cross Blue Shield NC | Attn: Managing Agent | 4615 University Drive | Durham | NC | 27707 |
| Carrott Fertility | Attn: Managing Agent | 2829 Weston Parkway, Ste 100 | West Des Moines | IA | 50266 |
| Chase | Attn: Managing Agent | P.O. Box 15123 | Wilmingotn | DE | 19850 |
| Chatham County Tax | Attn: Managing Agent | P.O. Box 908 | Pittsboro | NC | 27312 |
| Corporation Service Company | Attn: Managing Agent | P.O. Box 2576 | Springfield | IL | 62703 |
| Dataek Properties, LLC | Attn: Managing Agent | 8229 Zebulon Road | Youngsville | NC | 27596 |
| Dresser Court Properties LLC | Attn: Managing Agent | 2000 Bear Cat Way, Ste 102 | Morrisville | NC | 27560 |
| Guardian | Attn: Managing Agent | 10 Hudson Yards | New York | NY | 10001 |
| Henry H Sink, Jr. | | 3701 Holly Lane, Apt 201 | Raleigh | NC | 27612 |
| Jacques A El-Chayeb | | 3622 Shannon Road, Ste 104 | Durham | NC | 27707 |
| Kapitus, LLC | Attn: Managing Agent | 2500 Wilson Blvd, Ste 350 | Arlington | VA | 22201 |
| Lyckan, LLC | Attn: Managing Agent | 3708 Lyckan Parkway, Ste 201 | Durham | NC | 27707 |
| North Carolina Office I, LP | Attn: Managing Agent | 2900 Linden Lane, Ste 300 | Silver Spring | MD | 20910 |
| Skylak Investments, LLC | Attn: Managing Agent | 204 Glenview Place | Chapel Hill | NC | 27514 |
| Stellar Capital LLC | Attn: Managing Agent | 600 Summer Street, Ste 204 | Stamford | CT | _06901 |
| Vault | Attn: Managing Agent | 26501 Rancho Parkway, Ste 104 | Lake Forest | CA | 92630 |
| Wells Fargo Bank, NA | Attn: Managing Agent or Officer | P.O. Box 31557 | Billings | MT | 59107 |
| CT Corporation System | Attn: Managing Agent | 330 N. Brand Blvd, Ste 700 | Glendale | CA | 91203 |
| Lendero, LLC | Attn: Managing Agent | 1116 Main Street, Ste A | Brandoes | CT | _06405 |
| Truist Bank | Attn: Managing Agent or Officer | P.O.Box 1626 | Wilson | NC | 27894 |
| Parkview Advance LLC | Attn: Managing Agent | 600 Summer Street, Ste 204 | Stamford | CT | _06901 |
| Spectrum | Attn: Managing Agent | P.O.Box 299008 | Lewisville | TX | 75029 |
| Duke Energy | Attn: Managing Agent | P.O.Box 1094 | Charlotte | NC | 28201 |
| Piedmont Natural Gas | Attn: Managing Agent | P.O. Box 1246 | Charlotte | NC | 28201 |
| Raleigh Water | Attn: Managing Agent | P.O. Box 71081 | Charlotte | NC | 28272 |