**SO ORDERED.**

**SIGNED this 4 day of September, 2026.**

**Joseph N. Callaway**
**United States Bankruptcy Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | **Case No. 26-01207-5-JNC** |
| **THREE OAKS BEHAVIORAL** | ) | |
| **HEALTH & WELLNESS, PLLC** | ) | **Chapter 11** |
| | ) | |
| **Debtor.** | ) | |

**CONSENT ORDER REGARDING DEBTOR'S EMERGENCY MOTION FOR TURNOVER**

THIS MATTER Comes before the Court upon the Debtor's Emergency Motion for Turnover filed on June 12, 2026, D.E. 109 (the "Motion"). Three Oaks Behavioral Health & Wellness, PLLC (the "Debtor") and Evernorth Behavioral Health, Inc. ("Evernorth") (collectively, the "Parties") have agreed that this Order may be entered by consent of the Parties to resolve the Motion. Based on a review of the record, and with the express consent of the Parties, the Court makes the following findings of fact and conclusions of law:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The Debtor filed a voluntary petition for relief pursuant to Subchapter V of Chapter 11 of the United States Bankruptcy Code on March 16, 2026 (the "Petition Date"). The Debtor currently operates as a debtor-in-possession.

3. As set forth more particularly in the Motion, after the Petition Date and prior to the date of this Court Order, certain funds owed by Evernorth to the Debtor were allegedly diverted by Evernorth to a third party (collectively, the "Alleged Misdirected Funds").

4. Since the date the Motion was filed, the Debtor and Evernorth have engaged in ongoing discussions and negotiations related to the issues raised in the Motion.

5. As of the date of this Consent Order, the Parties agree that the issues raised in the Motion have been resolved.

6. The Outstanding Funds, as defined in the Motion, and other related amounts due and owing to the Debtor as of the date of the Motion have been properly paid to the Debtor by Evernorth.

7. In resolution of the Motion, the Parties have agreed that Evernorth shall pay the Debtor the total sum of one hundred and twenty thousand dollars ($120,000.00) (the "Payment"), to be paid via ACH transfer (with instructions to be provided to Evernorth by the Debtor no later than September 10, 2026) within five (5) business days of the date that this Consent Order becomes a final order.

8. In exchange for the Payment, the Debtor, on behalf of itself, its estate, and its officers, directors, and principals, releases and forever discharges Evernorth and its affiliates from any and all claims, demands, damages, costs (including attorneys' fees), liabilities, and causes of action, in law or in equity, asserted or unasserted, arising from or related to the Alleged Misdirected Funds, including those under 11 U.S.C. § 362 (the "Release"); provided, however, to

the extent that any Alleged Misdirected Funds have not been paid to the Debtor, this Release does not release or otherwise alter any obligation that Evernorth has to make such payment.

9. Nothing herein shall alter or change either of the Parties' rights pursuant to any applicable contracts or agreements between the Parties and each Party shall retain all rights and/or remedies to which it is entitled thereunder.

NOW, THEREFORE, in consideration of the above findings of fact and conclusions of law, IT IS ORDERED as follows:

1. Evernorth shall pay the Debtor the total sum of one hundred and twenty thousand dollars ($120,000.00), to be paid within five (5) business days of the date that this Consent Order becomes a final order;

2. The Release is effective as of the Debtor's receipt of the Payment; and

3. Nothing herein shall alter or change either of the Parties' rights pursuant to any applicable contracts or agreements between the Parties and each Party shall retain all rights and/or remedies to which it is entitled thereunder.

**WE CONSENT:**

**HENDREN, REDWINE & MALONE, PLLC**

*/s/ Lydia C. Carpenter*
Lydia C. Carpenter
NC State Bar No. 56697
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
Telephone: (919) 420-7867
Facsimile: (919) 420-0475
Email: lstoney@hendrenmalone.com
*Counsel for the Debtor*

**CONNOLLY GALLAGHER LLP**

*/s/ Jeffrey C. Wisler*
Jeffrey C. Wisler (Delaware Bar No. #2795)
1201 North Market Street, 20th Floor
Wilmington, DE 19801
Telephone: (302) 757-7300
Facsimile: (302) 658-0380
jwisler@connollygallagher.com

*Counsel for Evernorth Behavioral Health, Inc.*

**END OF DOCUMENT**