UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| THREE OAKS BEHAVIORAL HEALTH & WELLNESS, PLLC | ) | Case No. 26-01207-5-JNC |
| | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |

**OBJECTION BY AKF, INC. D/B/A FUNDKITE TO CONFIRMATION OF CHAPTER 11 PLAN**

COMES NOW AKF, Inc. d/b/a Fundkite ("AKF") through counsel, and files this objection to confirmation of the Debtor's proposed Chapter 11 plan of reorganization [DOC# 151] dated August 12, 2026, and in support thereof, shows the Court as follows:

1. The Debtor filed for relief under Chapter 11, Subchapter V of the Bankruptcy Code on March 16, 2026.

2. AKF is a prepetition creditor of the Debtor, as evidenced in Debtor's bankruptcy Schedule E/F. AKF's claim is listed as "disputed" in that bankruptcy schedule.

3. The Debtor filed its proposed plan of reorganization (the "Plan") on August 12, 2026.

4. Article III, Paragraph (16) of the Debtor's proposed Plan states as follows:

> "DISPUTED" shall mean any Claim (a) that is scheduled by the Debtor as disputed, contingent, unliquidated, of for an "unknown" of $0.00 amount, of (b) that is scheduled by the Debtor, or proof of which has been filed with the Court and with respect to which a timely objection to allowance, in whole o9r in part, has been filed and which objections have not been (i) withdrawn or settled, if (ii) determined by Final Order. For the avoidance of doubt, if no proof of Claim has been filed by the applicable Claims Bar Date and the Claim (i) is not listed on the Debtor's Schedules, of (ii) has been or is hereafter listed on the Debtor's Schedules as disputed, contingent, unliquidated, or having a value of $0.00, then such Claim shall be disallowed and shall be Disallowed and shall be disregarded for al purposes."

Similarly, Article III, Paragraph (15) of the Debtor's proposed Plan states as follows:

> "DISALLOWED" shall mean, with respect to any Claim, a Claim . . . (iii) which is listed on the Debtor's Schedules as disputed, contingent, or unliquidated . . . Any Disallowed Claim shall not be entitled to any distribution under this Plan on account of such Claim, and such Disallowed Claim shall be disregarded for all purposes."

5. The two foregoing provisions of the Debtor's Plan purport to dictate that any claim that is listed as disputed in the Debtor's bankruptcy schedules is disallowed.

6. The above provisions of the Debtor's proposed Plan contravene Local Rule 3002-1. That Local Rule provides:

> In addition to the duties set forth in Local Bankruptcy Rule 4002-1(b), the chapter 11 debtor shall notify each creditor whose claim is scheduled as contingent, disputed, or unliquidated of that fact within 14 days after filing the schedule of assets and liabilities or within 14 days after addition of any creditors to the petition. Failure to notify a creditor that its claim is listed as disputed, contingent, or unliquidated shall result in the creditor's claim being deemed filed in the amount listed as disputed, contingent, or unliquidated, as though a proof of claim had been filed by the creditor. The debtor shall file a certificate of service with the clerk of court within seven days after service has been made.

7. While the Debtor's Plan proposes to summarily disallow any claim that is listed in the Debtor's bankruptcy schedules as "disputed," Local Rule 4002-1(b) dictates that a disputed claim is <u>not</u> disallowed if the debtor fails to notify the creditor (within 14 days of the filing of the relevant bankruptcy schedule) that its claim is listed as disputed.

8. As stated <u>supra</u>, AKF's claim is listed as disputed in the Debtor's bankruptcy Schedule E/F. However, the Debtor did not provide AKF with written notice that its claim was listed as disputed. The bankruptcy docket reveals that the Debtor issued six notices of disputed claims. <u>See</u> DOC# 30-35. None of those notices are directed to AKF.

9. Because no notice of disputed claim was served on AKF within 14 days of the filing of Schedule E/F, pursuant to Local Rule 4002-1(b), AKF's claim, as scheduled by the Debtor in the amount of $840,000.00 is <u>not</u> disallowed.

10. Because the Debtor's Plan contravenes the express dictate of Local Rule 4002-1(b), the Plan is not proposed in good faith and confirmation of the same should be denied.

WHEREFORE, AKF, Inc. d/b/a Fundkite respectfully requests that confirmation of the Debtor's proposed Plan be denied and that the Court grant AKF, Inc. such other and further relief as this Court deems appropriate and just.

Respectfully submitted, this the 22nd day of September, 2026.

/s/ Daniel C. Bruton
Daniel C. Bruton
NC Bar No. 22440
Bell Davis & Pitt, PA
PO Box 21029
Winston-Salem, NC 27120-1029
Telephone: 336-714-4110

Attorney for AKF, Inc. d/b/a Fundkite

## CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY** that a copy of the foregoing **OBJECTION BY AKF, INC. D/B/A FUNDKITE TO CONFIRMATION OF CHAPTER 11 PLAN** was duly served upon the following by electronic means or by depositing same enclosed in a postage paid, properly addressed envelope in a Post Office or official depository under the exclusive care and custody of the United States Postal Service:

CM/ECF

Lydia Carpenter (lstoney@hendrenmalone.com)
Attorney for Debtor

George Oliver (geroge@georgeoliverlaw.com)
Subchapter V Trustee

Brian Behr
US Bankruptcy Administrator

This the 22nd day of September, 2026.

/s/ Daniel C. Bruton
Daniel C. Bruton