**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

| | |
|---|---|
| **IN RE:**<br><br>**THREE OAKS BEHAVIORAL HEALTH & WELLNESS, PLLC,**<br><br>**DEBTOR.** | **CASE NO. 26-01207-5-JNC**<br><br>**CHAPTER 11** |

**BANKRUPTCY ADMINISTRATOR'S OBJECTION TO SUBCHAPTER V PLAN OF REORGANIZATION**

**NOW COMES** the Bankruptcy Administrator for the Eastern District of North Carolina (the "BA"), by and through undersigned counsel, and respectfully files this objection to the Debtor's Subchapter V Plan of Reorganization [DE # 151] (the "Plan") filed on August 12, 2026, and, in support thereof, shows unto the Court the following:

**Background**

1. The Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code on March 16, 2026.

2. The Debtor is a North Carolina professional liability company which operates an outpatient psychotherapy practice and provides a variety of behavioral health and wellness services both in person and via telehealth.

3. The Debtor proposes to make Plan payments through the continuation of its operations.

4. The Debtor elected to proceed under Subchapter V of the Bankruptcy Code. George Oliver was appointed Subchapter V Trustee.

**Feasibility**

5. The Debtor must prove that confirmation of its Plan is not likely to be followed by the need for further liquidation or reorganization. "The question of feasibility is a question of fact in which the debtor bears the burden to show feasibility of the plan by a preponderance of the evidence." *In re Wiggins Farms, Inc.*, 12-02651-8-RDD, 2012 WL 6059208, at *2 (Bankr. E.D.N.C. Dec. 6, 2012) (citing *In re Investment Co. Of Southwest, Inc. (F.H. Partners, L.P. v. Investment Co. of Southwest, Inc., Four Hills Associates, and Bank of America)*, 341 B.R. 298, 310 (B.A.P. 10th Cir. 2006)).

6. "Feasibility is 'firmly rooted in predictions based on objective fact.'" *In re Wiggins Farms, Inc.*, 2012 WL 6059208, at *2 (quoting *In re Cheatham*, 78 B.R. 104, 109 (Bankr. E.D.N.C. 1987)). The feasibility test "contemplates the probability of actual performance of the provisions of the plan. Sincerity, honesty, and willingness are not sufficient to make the plan feasible, and neither are any visionary promises. The test is whether the things which are to be done after confirmation can be done as a practical matter under the facts." *In re Cheatham*, 78 B.R. 104, 109 (Bankr. E.D.N.C. 1987) (cleaned up).

7. Factors that a court can assess in evaluating feasibility include "the capital structure of the reorganized [d]ebtors, their projected earning power, economic conditions, management's ability and likelihood of continuing to work for the reorganized [d]ebtors, and any other factors relevant to performance of the Plan." *In re Wiggins Farms, Inc.*, 2012 WL 6059208, at *2 (quoting *In re Piece Goods Shops Company, L.P.*, 188 B.R. 778, 798 (Bankr. M.D.N.C. 1995)).

8. The Debtor should be prepared to provide evidence of feasibility through continued operations at the Confirmation Hearing. As filed, the projections do not provide sufficient

information to determine feasibility. The projections consist of annual numbers with very tight margins; more specifically, in the first year, the Debtor has a net profit of only $5,238.35.

**Vesting Provisions**

9. Pursuant to 11 U.S.C. § 1186, if a plan is confirmed pursuant to 11 U.S.C. § 1191(b) then property of the estate does not vest pursuant to 11 U.S.C. § 1141(b) but instead remains property of the estate for the pendency of the bankruptcy case.

10. If the Debtor's Plan is confirmed pursuant to 11 U.S.C. § 1191(b), the Confirmation Order should provide that the Debtor's property does not re-vest in the Debtor upon confirmation.

**Monthly Reports**

11. The Debtor is current on its monthly operating reports.

12. The BA reserves the right to further amend this response prior to the hearing.

**WHEREFORE,** the Bankruptcy Administrator respectfully requests that confirmation of the Plan of Reorganization be denied until the Debtor addresses the concerns raised herein and further evidence of feasibility is presented at the Confirmation Hearing, and that the Court grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 7th day of October, 2026.

Brian C. Behr
U.S. Bankruptcy Administrator, EDNC

By: /s/ Kirstin E. Gardner
Kirstin E. Gardner
Staff Attorney
NC Bar #52144
Bankruptcy Administrator's Office
434 Fayetteville Street, Suite 640
Raleigh, NC 27601
(919) 334-3889
Kirstin_gardner@nceba.uscourts.gov

# CERTIFICATE OF SERVICE

I, Rick P. Hinson, of 434 Fayetteville Street, Suite 640, North Carolina, 27601, certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age.

That on this day, I served copies of the foregoing document upon the following in the manner described:

Lydia Carpenter (via CM/ECF)
Attorney for the Debtor

George Oliver (via CM/ECF)
Subchapter V Trustee

I certify under penalty of perjury that the foregoing is true and correct.

Dated this 7th day of October, 2026.

By: /s/ Rick P. Hinson
Rick P. Hinson
Operations Supervisor
Bankruptcy Administrator's Office
434 Fayetteville Street, Suite 640
Raleigh, NC 27601